724 So.2d 473 (1998)
Robert Lee PRUITT, Appellant,
v.
MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY, Appellees.
No. 97-CA-00478COA.
Court of Appeals of Mississippi.
December 8, 1998.
Travis Buckley, Ellisville, Attorney for Appellant.
James R. Moore, Jr., John M. Breland, Jackson, Attorneys for Appellee.
Before THOMAS, P.J., DIAZ and SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Robert Lee Pruitt appeals from the judgment entered after a Jones County Circuit Court jury found in favor of his insurance carrier, Farm Bureau Casualty Insurance Company. Pruitt contends that the trial judge erred by denying his peremptory instruction and by overruling his motion for a new trial, or alternatively, a judgment notwithstanding the verdict. We find that the jury verdict was supported by substantial evidence and affirm.

FACTS
¶ 2. On the evening of April 5, 1994, at approximately 7:30 p.m., Robert Lee Pruitt was traveling south on Highway 11 in Jones County, near the town of Eastabutchie. Pruitt's rate of speed was between 30 to 35 *474 m.p.h in a 55 m.p.h. zone. Soon, there were three cars behind him, driven by James Corley, Corley's friend William Lee Hamilton, and an unidentified woman. When the cars entered a flat, visible stretch of roadway, Corley moved over into the left lane in an attempt to pass all three cars ahead of him. He had passed the first car and was even with the car immediately behind Pruitt, when Pruitt suddenly turned in front of him to make a left turn. Corley, who was traveling at 45 m.p.h., hit his brakes. He could not avoid the collision and struck Pruitt's truck in the rear.
¶ 3. Neither driver complained of serious injuries. Following an investigation by the Mississippi Highway Patrol, Pruitt and Corley drove their respective vehicles home. The next day, Pruitt began to suffer pain in his back and neck requiring medical attention. He continued seeking medical treatment and was eventually transferred by his employer to a position involving less physical exertion. Farm Bureau, Pruitt's insurer, paid for Pruitt's medical expenses and for the damage to his truck. Seeking further compensation, Pruitt filed suit against Farm Bureau to recover under his uninsured motorist provision for his pain and suffering and lost wages. Farm Bureau then filed a third party complaint against Corley, asserting its subrogation rights against him for any amount which it might be required to pay Pruitt.
¶ 4. Following a trial held on July 25, 1996, the jury returned a verdict for Farm Bureau, finding that the accident was not caused by the uninsured motorist, Corley. Pruitt's motions for a judgment notwithstanding the verdict or, alternatively, a new trial, were denied by the trial court following a hearing held February 18, 1997. Pruitt appeals.

DISCUSSION

I. Peremptory instruction and judgment notwithstanding the verdict
¶ 5. Pruitt contends that the trial court erred in refusing to grant his peremptory instruction on liability. Moreover, he claims that following the verdict against him, the trial court committed further error in denying his motion for a judgment notwithstanding the verdict.
¶ 6. We will consider these two issues together, as the "standards of review regarding a denial of a judgment notwithstanding the verdict and a peremptory instruction are the same." Steele v. Inn of Vicksburg, 697 So.2d 373, 376 (Miss.1997). "Under this standard, this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render." Id. "On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law." Id.
¶ 7. At trial, Pruitt and Corley gave differing accounts of what happened the night of the accident. Pruitt testified that his left turn signal was on at the time of the collision. He also stated that he had looked in his rearview mirror before moving into the left lane and did not see Corley's vehicle, although he concedes that Corley's headlights were on. Moreover, Pruitt contends, Corley was traveling at an excessive rate of speed.
¶ 8. Both Corley and the driver of the third vehicle, Hamilton, testified that they did not see Pruitt's left turn signal. Corley stated that if the turn signal had been on, he would have seen it. Although Pruitt contends Corley was traveling at an excessive rate of speed, Corley testified that he was traveling at approximately 45 m.p.h., or 10 m.p.h. below the posted speed limit.
¶ 9. Farm Bureau argues that this conflicting testimonial evidence is a "factual toss-up" to be resolved by the jury. Because the jury heard the testimony and weighed the credibility of the witnesses, it contends that the verdict was supported by substantial evidence and that the trial judge was correct to *475 deny Pruitt's motions that would have removed the case from the jury.
¶ 10. The jury weighs the evidence and judges the credibility of the witnesses. Southwest Miss. Reg'l Med. Ctr. v. Lawrence, 684 So.2d 1257, 1267 (Miss.1996). There was conflicting evidence as to whether Pruitt's left turn signal was on, whether Corley's headlights were on, and Corley's rate of speed. The jury determines the truth or falsity of the witnesses and evaluates "what portions of the testimony of any witness" to accept or reject. Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996). They chose to reject Pruitt's testimony and accept that of Corley and Hamilton. We cannot say that "reasonable, hypothetical jurors" could not have returned this verdict.
¶ 11. Pruitt further argues that the evidence proves Corley's negligence as a matter of law. According to Pruitt, because Corley attempted to pass three vehicles at once and did not see his turn signal, he violated a statute that provides that "[n]o vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle ... unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance...." Miss. Code Ann. § 63-3-611 (Rev.1997). However, this issue also initially turns on whom the jury chose to believe. Only if Pruitt had his left turn signal on and Corley attempted to pass him anyway would there be an argument under the statute. There is always the chance that a driver will negligently turn in front of a passing car. Passing slower traffic is not by itself negligence per se. The jury necessarily found that Pruitt did not have his turn signal on and returned a verdict against him.

II. Motion for new trial
¶ 12. Our standard of review following a trial court's denial of a motion for new trial is whether or not the trial court abused its discretion in denying the motion. Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 377 (Miss.1997). "In considering a motion for a new trial, the trial judge in exercising his sound discretion may grant the motion thereby overruling the jury's verdict only where such a verdict is against the overwhelming weight of the evidence or is contrary to the law." Allstate Ins. Co. v. McGory, 697 So.2d 1171, 1174 (Miss.1997)(quoting Junior Food Stores, Inc. v. Rice, 671 So.2d 67, 76 (Miss. 1996)).
¶ 13. A comparative negligence instruction was given. There was adequate evidence that Pruitt's negligence was the sole cause of the accident. The trial court did not abuse its discretion in refusing to grant a new trial.
¶ 14. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT ON CHANGE OF VENUE FROM SMITH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P. JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, and PAYNE, JJ., concur.