753 So.2d 492 (1999)
Alex V. SIVIRA, Appellant.
v.
MIDTOWN RESTAURANTS CORPORATION, Appellee.
No. 1998-CA-01021-COA.
Court of Appeals of Mississippi.
November 16, 1999.
*493 Suzanne N. Saunders, Jackson, Attorney for Appellant.
Roger C. Riddick, Jackson, Bonnie Bridgers Smith, Collins, Attorneys for Appellees.
BEFORE SOUTHWICK, P.J., MOORE, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Alex V. Sivira appeals from the Circuit Court of Madison County, which entered a judgment for Midtown Restaurants Corporation (Midtown) following a jury trial on the merits. Sivira appeals this judgment, the Circuit Court's denial of his motion for judgment notwithstanding the verdict of the jury or in the alternative, a new trial, and the Circuit Court's refusal to give the jury a peremptory instruction directing the jury to find for Sivira. We affirm the judgment of the Circuit Court.

FACTS
¶ 2. Sivira filed suit against Midtown alleging negligence when Sivira slipped and fell in standing water found in Midtown's Burger King Restaurant in Ridgeland, Mississippi. Sivira, while a patron at Midtown's restaurant on December 17, 1995, slipped and fell while attempting to enter the restroom. At the time, Sivira was holding his two and one-half year old daughter in one arm and was attempting to open the restroom door with the other.
¶ 3. As he opened the restroom door and attempted to enter, Sivira stepped in some standing water, slipped and fell, injuring his left knee and tearing his pants. Sivira testified that the water on the floor was not noticeable before the restroom door was opened, but there was enough to "wet his pants and his arm and his hand." Sivira stated that he went to the counter of the restaurant to seek aid and to inform Midtown's employees of the incident. Sivira further testified that he was told by an employee of Midtown that "they had been mopping all day" and "that he was sick and tired of cleaning up all day long." According to Sivira's testimony, the Midtown employee told him that they had been mopping up "all day" as a result of rain.
¶ 4. At the time of this incident, Sivira was the manager of a restaurant in Jackson, Mississippi, and was also a certified professional tennis instructor with a 4.5 *494 rating out of a possible 5. Sivira testified that following his injury he was required to seek medical treatment, and continues to have a consistent, nagging pain requiring him to take over-the-counter pain medication approximately four days a week. In addition, Sivira stated that his tennis rating dropped to 4.0 following this incident, and at the time of trial he was no longer rated because of the injury to his knee caused by his fall which prevented him from engaging in this activity. Sivira alleges that the injury caused by his fall has effectively removed him from any competitive tennis.

DISCUSSION

I. Peremptory Instruction and Judgment Notwithstanding the Verdict
¶ 5. Sivira presents three issues for appeal before this Court. The three will be condensed into two issues for convenience in review. The standard of review for jury verdicts in this state is well established. Once the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that verdict short of a conclusion on our part that, given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found. Starcher v. Byrne, 687 So.2d 737, 739 (Miss.1997); Junior Food Stores, Inc. v. Rice, 671 So.2d 67, 76 (Miss.1996); Bell v. City of Bay St. Louis, 467 So.2d 657, 660 (Miss.1985).
¶ 6. The standard of review this Court applies when examining the decision of the Circuit Court to deny a motion for judgment notwithstanding the verdict is also well established. "The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical." American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995)(citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993)). Also, the "standards of review regarding the denial of a judgment notwithstanding the verdict and a peremptory challenge are the same." Pruitt v. Mississippi Farm Bureau Cas. Ins. Co., 724 So.2d 473(¶ 6)(Miss.App.1998)(citing Steele v. Inn of Vicksburg, 697 So.2d 373, 376 (Miss. 1997)).
¶ 7. Sivira bases his claim that the verdict was against the substantial weight of the evidence and resulted from bias, prejudice or passion on the part of the jury solely upon his testimony. While it was uncontroverted that Sivira slipped and fell while on Midtown's premises, this is not sufficient to prove liability. In addition, Sivira must show that Midtown knew of the danger present on its premises and then failed to take corrective measures. See, Downs v. Choo, 656 So.2d 84, 86 (Miss.1995); Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss.1992). Also, Sivira must show that he exercised reasonable care while on Midtown's premises. See, General Tire & Rubber Co. v. Darnell, 221 So.2d 104, 107 (Miss.1969)(requiring an invitee to use that degree of care and prudence that a person of normal intelligence would exercise under the same or similar circumstances). This he failed to do.
¶ 8. Sivira's own testimony indicates that Midtown had been acting in a reasonably diligent manner in removing excess water from its floors caused by the rainfall that day. Further, Sivira testified that he was not looking where he was going when he attempted to enter the restrooms. Additionally, Sivira was well aware of the dangers that rainfall could present on a restaurant's premises, as he was the manager of a restaurant at the time of his injury. This testimony could clearly lead a jury to conclude that Midtown had fulfilled its duties toward its patrons, and that Sivira had failed to act in a reasonable prudent manner. Thus, the jury's verdict was not against the clear weight of the evidence and should therefore be affirmed.
*495 ¶ 9. In examining the decision of the trial judge to deny a motion for judgment notwithstanding the verdict, the Supreme Court has stated:
[W]e examine all of the evidencenot just evidence which supports the non-movant's casein the light most favorable to the party opposed to the motion. All credible evidence tending to support the non-movant's case and all favorable inferences reasonably drawn therefrom are accepted as true and redound to the benefit of the non-mover. If the facts and inferences so considered point so overwhelming in favor of the movant that reasonable men could not have arrived at a contrary verdict, the motion should be granted. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the jury verdict should be allowed to stand and the motion denied, and, if it has been so denied, we have no authority to reverse.
Junior Food Stores, Inc. v. Rice, 671 So.2d 67, 76 (Miss.1996)(citing C & C Trucking Co. v. Smith, 612 So.2d 1092, 1098 (Miss. 1992) (citations omitted)). Sivira asserts at argument that our recently decided case of Vu v. Clayton, 96-CA-00408-COA, ___ So.2d ___, 1999 WL 509124 (Miss.Ct.App. July 20, 1999), would have us examine the facts and circumstances in a light most favorable to Sivira. However, Vu is factually different than here as Vu was appealing from a directed verdict, while Sivira is seeking review of a jury verdict. Under these differing circumstances, we review using different standards. Thus, there is no need for us to revisit Vu, as the proper standard of review for this case is set forth in Junior Foods.
¶ 10. In examining the evidence in a light most favorable to Midtown and accepting all favorable evidence tending to support its case and all favorable inferences drawn therefrom as true, it appears that reasonable and fairminded jurors could have reached different conclusions. Midtown presented evidence of standard policies and procedures for its restaurants in rainy conditions. Also, Sivira testified as to his own lack of care while entering the restrooms. As such, the jury verdict should be allowed to stand and Sivira's motion denied. This determination assumes, of course, that the Circuit Judge found that Sivira had failed to carry his burden in the prosecution of his claims.
¶ 11. In determining whether the trial judge erred in refusing to give a peremptory instruction to the jury directing it to find for Sivira, "this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render." Pruitt, 724 So.2d at 474(¶ 6)(citing Steele, 697 So.2d at 376). "If there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required." Id.
¶ 12. At trial, Sivira's own testimony created a question as to whether or not Midtown had acted in a manner sufficient to discharge the duty it owed Sivira. In addition, Sivira never introduced any evidence other than his own testimony which would indicate that Midtown had failed in its duty. The jury weighs the evidence and judges the credibility of the witnesses. Southwest Miss. Reg'l Med. Ctr. v. Lawrence, 684 So.2d 1257, 1267 (Miss.1996). There was conflict here, created by Sivira's testimony, about what, if anything, Midtown had done, or not done, to remove this hazard from its premises. Also, there was a reasonable question about whether or *496 not Sivira had exercised reasonable care in acting as he did.
¶ 13. The jury determines the truth or falsity of the witnesses and evaluates what portions of the testimony of any witness to accept or reject. Pruitt, 724 So.2d at 475 (¶ 10)(citing Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996)). Here it is apparent that the jury chose to accept some portions of Sivira's testimony and reject others. We cannot say that reasonable, hypothetical jurors could not have returned this verdict. Thus, the trial judge did not err in refusing to give a peremptory instruction for Sivira.

II. Motion for a New Trial
¶ 14. In considering a motion for a new trial, the Supreme Court has held that "the grant or denial of a new trial has always been within the sound discretion of the trial judge, and absent an abuse of discretion, this Court is without the power to disturb such a determination." American Fire, 653 So.2d at 1387 (citing Muse v. Hutchins, 559 So.2d 1031, 1034 (Miss. 1990)). The trial judge in exercising this discretion may grant the motion overruling the jury's verdict "only where such verdict is against the overwhelming weight of the evidence or is contrary to law." Junior Food, 671 So.2d at 76 (citing Bell v. City of Bay St. Louis, 467 So.2d 657, 660 (Miss. 1985)). Here that is not the case.
¶ 15. The only evidence presented at trial pertaining to the incident was the testimony of Sivira and a corporate representative of Midtown, Greg Ellis, who testified about the normal practices and procedures of Midtown during rainy weather. As was discussed above, Sivira's own testimony created a sufficient factual question to allow the jury to find in the manner that it did. Nor was the jury's verdict contrary to the law. Therefore, the trial judge did not abuse his discretion in denying Sivira's motion for a new trial.

CONCLUSION
¶ 16. The verdict of the jury was supported by the weight of the evidence presented and did not result from bias, prejudice or passion. Therefore, the trial judge did not err in refusing to give a peremptory instruction in favor of Sivira, nor did the trial judge err in denying Sivira's motion for judgment notwithstanding the verdict. Finally, the trial judge did not abuse his discretion in refusing to grant Sivira's motion for a new trial.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TO BE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.