888 So.2d 1197 (2004)
Ted SMITH, Appellant,
v.
PARKERSON LUMBER, INC., Appellee.
No. 2001-CA-00409-COA.
Court of Appeals of Mississippi.
December 14, 2004.
*1199 Andre Francis Ducote, Wayne E. Ferrell, Jackson, attorneys for appellant.
Jeffrey Stephen Moffett, Ridgeland, H. Wesley Williams, Jackson, attorneys for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. This Court upon its own motion grants rehearing in this matter. The Court's previous opinion is withdrawn, and this opinion substituted therefor.
¶ 2. The Mississippi Supreme Court granted writ of certiorari to review the judgment of the Court of Appeals dismissing Smith v. Parkerson Lumber, Inc., 850 So.2d 99 (Miss.Ct.App.2002) for lack of jurisdiction due to an untimely appeal. After a determination that Smith's appeal was timely the Supreme Court remanded the case to the Court of Appeals for a decision on the merits. In an opinion dated April 20, 2004, this Court reversed the decision of the trial court and remanded the case for a new trial based on the trial judge's disallowance of certain expert testimony during the trial. No motions for rehearing were filed in this matter. However, this Court after further consideration *1200 has deemed it appropriate to rehear this matter. We now affirm the decision of the trial court, but reverse and remand for a proper determination of attorneys fees.
¶ 3. The following issues were asserted on appeal:
I. Whether or not the trial court erred when it denied Plaintiff's motion for judgment notwithstanding the verdict based upon the verdict of the jury being contrary to the overwhelming weight of the evidence of liability and damages under § 95-5-1 covering Parkerson Lumber's trespass, cutting and taking away of trees from two sections of Smith's property, referred to in the trial as the northern fifty foot strip and the southwest corner, as well as committed the common law tort of trespass, after Parkerson had been informed of the boundaries both by flagging and first hand information.
II. Whether or not the trial court erred when it denied Plaintiff's Motion for Additur based upon the fact that the damages awarded by the jury were insufficient and inadequate relief for common law trespass and wrongful cutting of timber proven by the Plaintiff, and were so shockingly low as to be clearly unreasonable.
III. Whether or not the trial court erred when it denied Plaintiff's Motion for Additur based upon the verdict of the jury being inadequate for the reason that the jury was influenced by bias, prejudice, and passion and the damages awarded were contrary to the overwhelming weight of the credible evidence.
IV. Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the verdict of the jury was [sic] influenced by bias, prejudice, and passion and was contrary to the overwhelming weight of the evidence.
V. Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the trial court's refusal to allow the Plaintiff to present evidence through Plaintiff's expert as to what the standards of the industry, and duties of those cutting timber, are as to the determination of property boundaries and what could constitute a breach or violation of those standards and duties in relation to M.C.A. § 95-5-10 (1972).
VI. Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the trial court's refusal to allow the Plaintiff to cross-examine the defendant's expert as to what the standards of the industry, and duties of those cutting timber, are to the determination of property boundaries and what would constitute a breach or violation of those standards and duties in relation to M.C.A § 95-5-10 (1972).
VII. Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the court's denial of Plaintiff's challenge for cause on prospective juror Mary Olene May.
VIII. Whether or not the trial court erred in the amount of its award of Plaintiff's attorneys' and expert witness' fees mandated by M.C.A. § 95-5-10 (1972).

FACTS
¶ 4. In September 1997, Parkerson Lumber was cutting timber on the property of Lena Watson adjacent to fifty-four acres owned by Ted Smith in Choctaw County. After Parkerson completed the job, Nancy Smith, Smith's sister, who was living on Smith's property at the time, inspected his property and found that timber *1201 had been cut from two sections of Smith's property. Smith sued Parkerson, requesting damages for the cutting of the trees, the diminution of property value, and loss of enjoyment pursuant to Mississippi Code Annotated Section 95-5-10.[1] Parkerson acknowledged accidentally cutting the timber on a fifty-foot strip of Smith's property, but denied cutting the timber on the southwest corner of Smith's property. On November 1 and 2, 2000, a trial was held to determine the amount of damages to the fifty-foot strip and damages and liability as to the southwest corner. On November 2, 2000, the jury absolved Parkerson of liability for cutting the southwest corner of Smith's land, but found him liable for accidentally cutting the fifty-foot strip. Smith was awarded damages in the amount of $1,650. On December 19, 2000, the trial judge entered an order awarding Smith attorney fees in the amount of $959.06 and expert witness fees in the amount of $450 pursuant to Mississippi Code Annotated Section 95-5-10(3).[2] On February 5, 2001, Smith filed a motion for JNOV, or in the alternative a new trial. This motion was denied on February 7, 2001. On March 8, 2001, Smith filed his notice of appeal.

ISSUES AND ANALYSIS
¶ 5. The standard of review for jury verdicts in this state is well established. "Once the jury has returned a verdict in a civil case, we are not at liberty to direct that judgment be entered contrary to that *1202 verdict short of a conclusion on our part that, given the evidence as a whole, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could have found as the jury found." Sivira v. Midtown Restaurants Corp., 753 So.2d 492, 494 (¶ 5)(Miss.Ct.App.1999) (citations omitted).

I.
¶ 6. Smith has placed eight issue before this Court. However, in the interest of judicial economy we have combined and restated the issues.

Whether the trial court erred when it denied Plaintiff's motion for judgment notwithstanding the verdict.
¶ 7. Smith asserts that the verdict is contrary to the overwhelming weight of the evidence, which supports a claim for liability and damages as to the southwest corner of his property and damages pursuant to Mississippi Code Annotated Section 95-5-10. Smith contends that the evidence was sufficient to establish Parkerson's timber trespass, his willful cutting of trees from two sections of his property, as well as the committed common law tort of trespass. Smith contends that the evidence was sufficient to support a jury verdict in the amount of $60,000, and as such the trial court erred in denying his JNOV.
¶ 8. In determining whether a trial judge erred in denying or granting a JNOV we look to our familiar standard of review set out in Corley v. Evans, 835 So.2d 30, 36 (¶ 17) (Miss.2003).
In deciding a motion for judgment notwithstanding the verdict, the trial court must consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that reasonably may be drawn therefrom. The trial court should consider the evidence offered by the non-moving party and any uncontradicted evidence offered by the moving party. If the evidence thus considered is sufficient to support a verdict in favor of the non-moving party, the motion for j.n.o.v. must be denied.
¶ 9. Testimony at trial indicated that Nancy Smith was informed by Parkerson Lumber that they would be cutting timber on the adjacent Watson property on or about September 8, 1997. After the cutting subsided, about September 14, 1997, Nancy inspected the site and discovered that a fifty-foot strip on the northern boundary of Smith's property had been cut, as had about a .92 acre area on the southwest corner. Testimony indicated that approximately 2.65 acres of the 54 acre tract had been cut.
¶ 10. Smith filed a complaint against Parkerson for the wrongful cutting of trees pursuant to Mississippi Code Annotated Section 95-5-10. Parkerson admitted liability for cutting the fifty-foot tract of Smith's property, but denied all liability for cutting the southwest corner.
¶ 11. Both Smith and Parkerson employed an expert witness to testify at trial, and pursuant to Mississippi Code Annotated Section 95-5-10 both experts calculated the amount of damages based on the type and size of trees cut from Smith's property. Smith's expert calculated the total of damages to be $3,730.50 which included damages to both the southwest corner and the fifty-foot strip, plus the costs of reforestation. Parkerson's expert calculated the total amount of damages as $1,612, which only included damages plus reforestation costs to the fifty-foot strip for which Parkerson admitted liability.
¶ 12. Testimony indicated that the trees cut from the fifty-foot strip were cut with a Hydro-Ax, which Parkerson admitted he used in his timber operation. However, the trees cut on the southwest corner were *1203 cut with a chainsaw. Everett Arterberry testified that about a week after Parkerson finished cutting on the Watson tract, he was given permission to clean up the debris Parkerson had left behind. Arterberry testified that a man approached him as he was cutting and removing the debris on the Watson tract and asked him if he knew he was crossing the property line. Arterberry stated he did not, and claimed that he backed up and continued cutting. On cross-examination Arterberry admitted to cutting a few small trees from Smith's property in the back southwest corner using a chainsaw.
¶ 13. "It is for the jury and not for this Court to weigh all the evidence and testimony and to determine what weight to give each witness's testimony." White v. State, 761 So.2d 221, 225 (¶ 20) (Miss. Ct.App.2000). In this case, the jury chose to believe that testimony which absolved Parkerson of liability as to the southwest corner, while determining he was liable for cutting the fifty-foot strip. This Court cannot say that finding was unsupported by substantial credible evidence.
¶ 14. Smith also contends that the jury verdict did not take into account his claim for common law damages of trespass, loss of enjoyment of use, and diminution in value, and thus the trial judge erred in not granting his JNOV. Mississippi Code Annotated Section 95-5-10 provides it is the exclusive remedy for the wrongful cutting of trees although it "does not limit actions or awards for other damages caused by a person." Miss.Code Ann. § 95-5-10 (Rev.1994). This portion of the statute has not been fully defined, but in McCain v. Memphis Hardwood Flooring Co., 725 So.2d 788, 792 (¶ 16) (Miss.1998), the supreme court stated "[t]he provisions cited in Mississippi Code Annotated Section 95-5-10 were intended to function in lieu of any other compensatory, punitive, or exemplary award." The court went on to speculate that "other damages to which this statute refers would be to property or persons incurred during the cutting of trees, unrelated to the destruction or damage of the trees." McCain, 725 So.2d at 794 (¶ 21). The Encyclopedia of Mississippi Law gives more insight as to what is meant by damages unrelated to this destruction of trees, and list examples such as "damage to roads, fences, other improvements, or to the soil." Jeffrey Jackson & Mary Miller, Mississippi Practice Series § 63:13.
¶ 15. Although Ted and Nancy Smith testified that Parkerson left deep ruts on the property, there were no other damages mentioned unrelated to the destruction of trees. There is nothing in the record to indicate specific monetary loss caused by the ruts in the property. Since the provisions of Mississippi Code Annotated Section 95-5-10 foreclose any damages except those "caused by a person" and McCain has speculated those to be damages unrelated to the destruction of trees, Smith's common law claims must fail as he has not proven any type of damage unrelated to the destruction of trees.
¶ 16. Considering the evidence in the light most favorable to the verdict and all favorable inferences that reasonably may be drawn therefrom, as our standard of review mandates, we find that the trial judge did not err in denying Smith's JNOV.

II.

Whether or not the trial court erred when it denied Plaintiff's Motion for Additur
¶ 17. Smith contends the damages awarded by the jury were insufficient and an inadequate relief for common law trespass and wrongful cutting of timber. He *1204 alleges that the damages were so shockingly low that they were clearly unreasonable. Smith also claims that the jury was influenced by bias, prejudice, and passion and the damages awarded were contrary to the overwhelming weight of the evidence.
¶ 18. In reviewing a trial court's denial of an additur, an abuse of discretion standard is employed. Maddox v. Muirhead, 738 So.2d 742, 744 (¶ 5) (Miss.1999). Additurs are awarded based upon a finding by the trial judge that the verdict was so unreasonable in amount as to be out outrageous, and so against the overwhelming weight of the evidence that the jury must have been influenced by bias, prejudice or passion. Id. When reviewing a motion for an additur the evidence is viewed in the light most favorable to the moving party giving all reasonable inferences that can be drawn thereof. Id. (citation omitted). "Awards set by a jury are not merely advisory and generally will not be `set aside' unless so unreasonable to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." Id. citing Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992). "Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be employed without great caution." Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988).
¶ 19. Nancy Smith testified that the boundary of the fifty-foot strip was clearly marked, but that only the northern portion of the southern boundary was marked. She testified to having gone out and advised Parkerson's employees of the boundary. Smith alleges that this testimony is proof that Parkerson cut his trees with "reckless disregard" and that the jury was clearly motivated by bias or prejudice.
¶ 20. The jury awarded Smith slightly more than double the fair market value plus reforestation costs for the timber cut on the fifty-foot tract. The jury was apparently not convinced of Parkerson's liability as to the southwest tract, and thus did not award damages. This Court's review of the evidence does not lead to the conclusion that the verdict was contrary to the evidence. The trial court did not abuse its discretion in denying Smith's motion for an additur.

III.

Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the trial court's refusal to allow the Plaintiff to question expert witness' regarding industry standards and duties of those cutting timber
¶ 21. This Court applies an abuse of discretion standard to the review of a trial court's denial of a motion for new trial. Allstate Ins. Co. v. McGory, 697 So.2d 1171, 1174 (¶ 13) (Miss.1997). A trial judge in exercising his sound discretion may grant a motion for a new trial only when the jury verdict is against the overwhelming weight of the evidence or is contrary to the law. Id.
¶ 22. Smith claims that the trial court's refusal to allow him to present evidence through his expert, or by cross-examination of Parkerson's expert, regarding industry standards and the duties of those cutting timber was an abuse of discretion which entitled him to a new trial.
¶ 23. Smith argues that the expert testimony would have aided the jury in determining whether punitive damages should be allowed. We assume that when Smith refers to "punitive damages" he is referring to those damages set out in Mississippi Code Annotated Section 95-5-10(2) *1205 which allow a statutory penalty for cutting with "reckless disregard."
¶ 24. To be admissible, expert testimony must be helpful to the trier of fact, in the resolution of the ultimate issue. Our supreme court has consistently held that expert testimony is not helpful as it relates to matters of mens rea, malice, and the like. These are matters regularly presented to jurors, the resolution of which requires no expert assistance. Jenkins v. CST Timber Co., 761 So.2d 177, 181-82 (¶ 19) (Miss.2000). Therefore any testimony regarding whether Parkerson's conduct was "reckless" or "willful" was inadmissible as it was not helpful to the trier of fact.

IV.

Whether or not the trial court erred when it denied Plaintiff's Motion for New Trial based upon the court's denial of Plaintiff's challenge for cause on prospective juror Mary Olene May.
¶ 25. Smith contends that the trial court abused its discretion when it refused to grant him a new trial based on the Court's refusal to strike prospective juror Mary Olene May for cause. Smith argues that in voir dire May admitted that she had personally known Parkerson and his family for an extended period of time. The trial judge denied Smith's challenge for cause, and Smith used a peremptory challenge to strike May.
¶ 26. "The right to a jury trial in civil cases is based on Mississippi Constitution Article 3, § 31, trial by jury, which provides in pertinent part as follows: "The right of trial by jury shall remain inviolate...." This Court has held that `under this constitutional provision, it is the duty of the court to see that a competent, fair and impartial jury is impaneled.'" Hamilton v. Hammons, 792 So.2d 956, 963 (¶ 33) (Miss.2001); Marshall Durbin, Inc. v. Tew, 381 So.2d 152, 154 (Miss.1980); Mississippi Power Co. v. Stribling, 191 Miss. 832, 845, 3 So.2d 807, 810 (1941). The selection of jurors is a judgment call peculiarly within the power of the circuit judge, and it will not be disturbed on appeal absent a clear showing of an abuse of discretion. Id. When considering the impartiality of a juror two factors must be considered. First, the "factor or circumstance which tends to indicate a potential for bias on the part of that juror and secondly the juror's promise that he or she can and will be impartial." Id.
¶ 27. The record indicates that the trial judge considered the above factors to ascertain May's impartiality, and that May stated on the record that knowing Parkerson would not affect her ability to be impartial. Smith used a peremptory challenge to strike May, and she was therefore not a member of the jury impaneled. Smith has made no showing that his trial was unfair because he had to use a peremptory strike for May rather than one for cause. Smith has not satisfied his burden of proof to show that the trial judge abused his discretion in refusing to allow Smith to strike May for cause. Accordingly, there is no merit to this issue.

V.

Whether or not the trial court erred in the amount of its award of Plaintiff's attorneys' and expert witness' fees mandated by M.C.A. § 95-5-10.
¶ 28. Smith contends that the trial court erred by granting him only $959.06 in attorney's fees. Smith petitioned the Court for the payment of $34,875 in attorney's fees and $650 in expert witness's fees pursuant to Mississippi Code Annotated Section 95-5-10(3).
¶ 29. Smith's attorneys submitted billing statements for fees in the amount of *1206 $34,875. The trial judge held that the majority of Smith's attorneys fees were unreasonable, saying "this Court is of the opinion that the defendant should not have to pay attorney fees incurred on a claim the jury found to be without merit." In his order, the trial judge calculated the award of attorney's fees as follows:
The jury awarded the plaintiff 2.75 percent of the damages that he was seeking from the defendant. This court finds that the attorney fees should be awarded to the plaintiff in the same proportion that the jury awarded damages to the plaintiff. This court, therefore, finds that the plaintiff is entitled to recover the sum of $959.06 in reasonable attorney fees from the defendant.
¶ 30. Smith also sought $650 in expert witness fees, and $120 in filing fees. The trial judge found $350 "reasonable" for the testimony of the expert witness, but held that a $300 inspection fee for the property was not reasonable because "the jury found the defendant was not responsible for cutting timber on at least half of the property that was inspected by the expert," and only allowed $150 for the inspection of the property.
¶ 31. The total amount of fees and cost awarded to Smith was $1,526.06, with $959.06 in attorney fees, $450 in expert witness fees, and $120 in filing fees.
¶ 32. The trial judge failed to make a proper analysis of whether the requested the attorneys fees were reasonable. The trial judge's method of calculation was to determine the percentage of damages Smith recovered from the jury verdict compared to the total amount of alleged damages, and awarded this percentage of requested attorneys fees. Finding that Smith recovered 2.75% of the damages he alleged, the judge reasoned that he should only recover 2.75% of the attorney's fees alleged. The Mississippi Supreme Court has held that "[t]he standard of review regarding attorneys' fees is the abuse of discretion standard, and such awards must be supported by credible evidence." Regency Nissan, Inc. v. Jenkins, 678 So.2d 95, 103 (Miss.1995). "The fixing of reasonable attorneys' fees is a matter ordinarily within the sound discretion of the trial court...." Mississippi Power & Light Co. v. Cook, 832 So.2d 474, 486 (¶ 39) (Miss.2002), (citing Gilchrist Tractor Co. v. Stribling, 192 So.2d 409, 418 (Miss.1966)). The court in Mississippi Power also held:
It is well settled in this State that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court and any testimony by attorneys with respect to such fees is purely advisory and not binding on the trial court. We will not reverse the trial court on the question of attorney's fees unless there is a manifest abuse of discretion in making the allowance....
Mississippi Power & Light Co., 832 So.2d at 486 (¶ 39) (citations omitted). The reasonableness of an attorney's fee award is determined by reference to the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct. Id. (¶ 40). This rule provides in pertinent part:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;

*1207 (4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Miss. R. Prof. Conduct 1.5.
¶ 33. The trial judge's arbitrary method of calculation was an abuse of discretion as he based Smith's attorneys fees on the proportion of damages awarded and not on their reasonableness. Accordingly, we reverse and remand for a determination of attorney fees consistent with this opinion.
¶ 34. THE JUDGEMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR A PROPER DETERMINATION OF ATTORNEYS FEES CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPELLEE.
BRIDGES AND LEE, P.JJ., IRVING AND MYERS, JJ., CONCUR. GRIFFIS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. CHANDLER, BARNES AND ISHEE, JJ., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. § 95-5-10 (Rev.2000): Cutting without consent of owner. (1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.

(2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
[2] Miss.Code Ann. § 95-5-10 (Rev.2000). Cutting without consent of owner. (3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.