LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Roy Guillory was rear-ended by Shameka West as he drove a car down Bailey Avenue in Jackson on February 6, 1998. West’s vehicle was rented from Enterprise Reni>-A-Car (Enterprise) by Terry McGee. Guillory filed suit against West, Enterprise and McGee. Guillory died during the course of the litigation, and in 2001 Mary Alice Jackson was substituted as Guillory’s representative. Jackson settled the claims with Enterprise and obtained an entry of default against West, and neither Enterprise nor West are a party to this appeal.
¶ 2. Prior to trial, the trial court entered a default judgment against McGee on the issue of liability due to his failure to cooperate in discovery; however, this issue is not presented to this Court for review. The case was tided by jury in the Hinds County Circuit Court on November 27, 2001, solely on the issue of damages. Jackson argues that as the jury began deliberations, three documents which were marked for identification purposes only were submitted to the jury along with the trial exhibits. These documents consisted of a letter from Dr. Joseph Pierre, who owned the clinic which treated Guillory, to Jackson’s attorney; the Jackson Police Department’s accident report; and a page bearing four photographs depicting the vehicle driven by Guillory. The jury returned a verdict for Jackson in the amount of $1500.
¶ 3. Aggrieved, Jackson now appeals, arguing the following three points of error *825 which we quote verbatim: “(1) the introduction of extraneous evidence into the jury room during jury deliberation and the consideration of such evidence by the jury in reaching a verdict is improper and error to the trial court and the circuit court in failing to so find is reversible error; (2) the trial court erred in its refusal to grant a new trial when inadmissible evidence was examined by the jury during deliberations thereby limiting the damages awarded to the Plaintiff; and (3) the verdict is against the overwhelming weight of the evidence.” Issues I and II involve substantially the same analysis and, therefore, will be addressed together.
¶ 4. Finding no error, we affirm.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN FAILING TO GRANT A NEW TRIAL BECAUSE OF PURPORTED JUROR MISCONDUCT?
¶ 5. In Gladney v. Clarksdale Beverage Co., 625 So.2d 407 (Miss.1993), the Mississippi Supreme Court instituted its own procedure to address juror inquiry under Mississippi Rule of Evidence 606(b) when making an inquiry into the validity of a jury verdict. This procedure was an endeavor by the supreme court to prevent “fishing expeditions” in the attempt to change an unfavorable jury verdict. Alpha Gulf Coast, Inc. v. Jackson, 801 So.2d 709, 731(¶ 82) (Miss.2001). Rule 606(b) provides as follows:
(b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury’s deliberations or to the effect of anything upon his or any other juror’s mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury’s attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.
¶ 6. Rule 606(b) is a rule of competency, allowing a juror to testify whether extraneous prejudicial information was improperly brought to the jury’s attention. Salter v. Watkins, 513 So.2d 569, 571 (Miss.1987). Once an allegation of juror misconduct arises, the court must determine whether an investigation is warranted. Gladney, 625 So.2d at 418. An investigation is warranted if the party alleging misconduct overcomes the presumption that the jury was impartial. Id. “At the very minimum, it must be shown that there is sufficient evidence to conclude that good cause exists to believe that there was in fact an improper outside influence or extraneous prejudicial information.” Id. at 419. “The sufficiency of such evidence shall be determined by the trial court if a post-trial hearing is indeed warranted under these standards.” Id. The scope of such a hearing is limited. Id.
¶ 7. Once the trial court has determined that there was communication, as well as the contents of the communication, the court must then decide if it is reasonably possible the communication altered the verdict. Id. A new trial may be ordered “[w]here such extra-record facts affect an issue of importance in the case and are qualitatively different from the evidence properly before the jury.” Salter, 513 So.2d at 571.
*826 ¶ 8. The trial court held a hearing on the issue, finding that the allegations were without merit. We review this decision, as well as the ruling denying the motion for a new trial under the familiar abuse of discretion standard. Id. at 574.
¶ 9. Three members of the jury were called to testify at the posttrial hearing. When shown the three documents, juror Brenda Funchess testified that she recalled seeing the accident report and the letter in the jury room. Funchess testified that she could not recall specifics about the letter, but did recall seeing “some letters” in the jury room. Fun-chess also testified that she recalled seeing some pictures depicting the rear of the vehicle. Darlene Jointer also served as a juror. She testified that she could only recall seeing medical bills and seeing half of the photographs. She did not recall seeing the letter from the chiropractor or the accident report. Finally, juror George Anderson testified that he was unsure whether he saw the accident report, but he did recall seeing some pictures in the jury room. Anderson did not recall seeing the letter from the chiropractor.
¶ 10. We find no abuse of discretion. At best, the testimony at the hearing established that some pictures were submitted to the jury. We note that Funchess was the only person with any recollection of reviewing the offending documents. We do not agree that this is sufficient to overcome the presumption that the jury was impartial. Assuming, arguendo, that Funchess’ testimony is accurate and the documents were actually submitted to the jury, we do not agree that the documents contained facts which conflicted with the evidence presented at trial. Jackson was cross-examined regarding the letter, and the jury was aware of the letter’s content, specifically that Dr. Pierre wrote a letter to Guillo-ry’s attorney regarding treatment for an accident on March 24, 1998, on Woodrow Wilson Avenue in Jackson.
¶ 11. We are not aware, and Jackson does not assert, how the accident report and the photographs would have presented evidence that was qualitatively different from the evidence presented at trial. The issue of liability was not contested, and there was conflicting testimony regarding the ownership of the car. Additionally, Robert Hill, a mechanic, testified on Jackson’s behalf regarding the damage to the car. Jackson elicited testimony from Hill regarding the damage he observed in the pictures which were marked for identification. Assuming that the pictures were improperly submitted and reviewed, Hill’s testimony had already supplied the jury with the information contained in the pictures.
¶ 12. If the improper evidence was actually submitted to the jury, the evidence was consistent with the testimony presented by Jackson’s own witnesses. The trial court, having the benefit of the testimony and the exhibits, was not convinced that a mistake was made in the submission and review of the exhibits. We find no abuse of discretion in denying the motion for a new trial. This issue is without merit.
II. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 13. Jackson urges this Court to either grant a new trial on the issue of damages or order an additur in the amount of $20,000. We review a trial court’s decision on a motion for additur for abuse of discretion. Teasley v. Buford, 876 So.2d 1070, 1075(¶6) (Miss.Ct.App.2004). The party seeking the additur has the burden of proving his injuries, loss of income, and other damages. Gaines v. K-Mart Corp., 860 So.2d 1214, 1220(¶21) *827 (Miss.2003). An appellate court must review the evidence in a light most favorable to the defendant, giving him the benefit of all favorable inferences that may reasonably be derived therefrom. Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss.1992). A jury award will not be set aside unless “so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.” Id.
¶ 14. In the case at bar, the jury awarded $1,500 in damages, including $800 for medical expenses and $700 for pain and suffering. Jackson identified four bills for medical services which totaled $772, and Dr. Edward Hunt, who treated Guillory at the Pierre Chiropractic Clinic, identified a bill for his services in the amount of $1,535. Although Dr. Hunt testified to the cost of the services he provided, Jackson testified that she did not possess a bill for Dr. Hunt’s services.
¶ 15. Mississippi Code Annotated Section 41-9-119 (Rev.2005) dictates that Guillory’s medical bills are prima facie evidence of their necessity and reasonableness. The opposing party may rebut the necessity and reasonableness of the bills, thereby leaving the ultimate determination to the jury. Jackson v. Brumfield, 458 So.2d 736, 737 (Miss.1984). At trial, Dr. Hunt testified that Guillory suffered from arthritis with such magnitude that “it would not take much to create problems with it.” Dr. Hunt also testified that Guil-lory’s x-rays showed that he had suffered from a degenerative disc for years prior to the accident. In light of this testimony we do not agree that the verdict regarding the medical bills was the product of bias and passion.
¶ 16. Jackson cites no other expenses other than generalized claims that Jackson, on behalf of Guillory, should be reimbursed because “[Guillory’s] sole means of transportation for which he travel [sic] to and from his church was totally destroyed as evidenced by the testimony of Mr. Robert Hill.” Hill, a mechanic since 1971, testified that he would be unable to repair the 1983 Cadillac for less than $2,500. Guillo-ry did not, in fact, own the car. Jackson testified that Bishop Parker, a friend of Guillory’s, gave Guillory the car at church. At the accident scene Guillory told the police that the vehicle belonged to Parker and that the vehicle was titled in Parker’s name. The jury obviously found this testimony persuasive.
1Í17. We find no abuse of discretion in denying the additur. The jury chose to disregard Hill’s testimony regarding the cost of repairing the car Guillory drove but found the testimony regarding certain medical bills persuasive. This award is neither outrageous nor unreasonable.
¶ 18. Our standard of review following a trial court’s denial of a motion for new trial is whether or not the trial court abused its discretion in denying the motion. Pruitt v. Miss. Farm Bureau Cas. Ins. Co., 724 So.2d 473, 475(¶ 12) (Miss.Ct. App.1998). “In considering a motion for a new trial, the trial judge in exercising his sound discretion may grant the motion thereby overruling the jury’s verdict only where such a verdict is against the overwhelming weight of the evidence or is contrary to the law.” Allstate Ins. Co. v. McGory, 697 So.2d 1171, 1174 (Miss.1997).
¶ 19. We do not agree that the court abused its discretion in denying a new trial. The testimony at trial presented evidence of medical bills along with generalized estimations regarding the cost to repair the vehicle which the jury found did not belong to Guillory. Dr. Hunt testified that Guillory suffered from degenerative disk problems which existed prior to the accident. Jackson testified that Guillory *828 did not have legal title to the car, but that he owned it nonetheless because Bishop Parker had given the vehicle to him. No other evidence of damages was presented. The record before this Court supports the verdict. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ, CONCUR.