McMILLIN, C.J.,
for the Court:
¶ 1. Augustine Edelen brought suit against Jackson Coca-Cola Bottling Company alleging an injury caused by the negligent placement of a number of soft drink cans that subsequently fell and struck Edelen on the foot. A jury returned a verdict in Edelen’s favor in the amount of $290.03. The trial court, on Edelen’s motion, granted her an additur of $2,900, for a total recovery of $3,190.03, by order entered on September 13, 1994. Edelen filed a pleading in which she purported to reject the additur as inadequate and demanded a new trial on damages alone. The matter lingered on the docket until May 28, 1998, when the trial court entered a subsequent instrument entitled “Final Judgment Upon Payment of Additur.” In that document, the court recited that Jackson Coca-Cola had agreed to accept the trial court’s additur and was prepared to pay the enhanced judgment amount.
¶ 2. Edelen then filed a notice of appeal to this Court in which she raises the issue of the inadequacy of the jury’s verdict but fails to consider the effect of the trial court’s subsequent additur. Edelen also raises three issues concerning perceived procedural errors in the conduct of the trial. Jackson Coca-Cola ignores Edelen’s issues in its appellee’s brief and instead argues that Edelen did not have a right of appeal from the additur award under Odom v. Roberts, 606 So.2d 114 (Miss.1992).
¶3. We agree with Jackson Coca-Cola that a plaintiff dissatisfied with amount of recovery, even as enhanced by an additur, may not demand a new trial under rules announced in Odom v. Roberts. However we conclude that, under the later case of Estate of Berry v. Dahlem, the trial court was obligated to order a new trial thirty days after entry of the additur order because of Jackson Coca-Cola’s failure to affirmatively accept the additur during that period. Estate of Berry v. Dahlem, 741 So.2d 932 (¶ 17) (Miss.1999). We observe that Estate of Berry v. Dahlem was decided after the critical events occurred *1258 in case; however, the rule announced in Estate of Berry has retroactive effect and, thus, colors our decision process. Hall v. Hilbun, 466 So.2d 856, 875-76 (Miss.1985).
¶4. Additurs, which permit the trial court to increase a jury’s verdict deemed by the court to be inadequate based on the proof, were unknown at the common law and are purely creatures of statute. See, e.g., Biloxi Electric Co. v. O.L. Thorn, 264 So.2d 404 (Miss.1972) (early case applying the new power of additur to the courts of Mississippi). In Mississippi, the right of the trial court to grant an additur is found in Section 11-1-55 of the Mississippi Code. Under that provision, the trial court may deny a new trial on the ground of inadequate damages on condition of an additur. Miss.Code Ann. § 11-1-55 (Rev.1991). The statute goes on to state that “[i]f such additur ... be not accepted then the court may direct a new trial on damages only.” Miss.Code Ann. § 11-1-55 (Rev.1991).
¶ 5. The section closes with language appearing to set out the right of appeal from the grant of an additur. Miss. Code Ann. § 11-1-55 (Rev.1991). The Mississippi Supreme Court, in Odom v. Roberts, interpreted the statute, including the language pertaining to appeals, to create different rights for the plaintiff and the defendant. The defendant may, under the statute, (a) reject the additur and have a new trial on damages, (b) appeal on the ground that the additur was inappropriate or, alternatively, was excessive, or (c) accept the additur. Odom v. Roberts, 606 So.2d at 121. The plaintiffs sole option, when granted an additur, is to “only (cross) appeal to this Court arguing that the trial court abused its discretion and that the additur is legally inadequate.” Id.
¶ 6. Looking solely to the rights of Jackson Coca-Cola (the defendant at the trial level) under Odom v. Roberts, the record shows that it did not (a) affirmatively reject the additur, neither did it (b) appeal on the ground that the additur should not have been granted at all or was in an excessive amount. Jackson Coca-Cola did ultimately attempt to exercise its third option, i.e., to accept the additur; however, the first indication that it had elected to do so appears in the record on May 28, 1998 — several years after the entry of the additur order.
¶ 7. On those undisputed facts, we find this case controlled by a rule announced in Estate of Berry v. Dahlem. In that ease, the supreme court conceded that it had “not previously addressed the effect of a defendant’s silence on the award of an additur, or the amount of time that a defendant is allowed for deciding whether to accept or reject an additur.” Estate of Berry, 741 So.2d at 935. The court then said, “We therefore hold that the defendant has thirty days from the date of entry of the order granting the additur to accept the additur, reject the additur and request a new trial, or file an appeal to this Court.” Id. The court, in finding that a new trial on damages should have been granted, said the following:
The statute and Judge Toney’s order both indicate that, if the defendant does not accept the additur, a new trial should be granted on the sole issue of damages. When Berry [the defendant] did not accept the additur within the thirty-day period for filing a notice of appeal, the trial court should have ordered a new trial on the issue of damages.
Id. The only distinction between the situation in Estate of Berry v. Dahlem and the case now before us is that the additur order we consider did not explicitly set out the three options available to the defendant under the statute. The order did not attempt to outline a procedure contrary to *1259 the statute; rather, it was silent as to the mechanics of dealing with the court’s decision. However, because additur is purely a statutory creature, we are satisfied that the options under the statute were necessarily incorporated into the order. Based on the wording of the statute and the supreme court’s previous interpretation of the statute as found in Odom v. Roberts, Jackson Coca-Cola should have been aware of its various rights in the circumstances and the necessity to elect which option it preferred. By its failure to affirmatively accept the additur within thirty days of the order granting it, the company effectively acceded to a new trial limited to damages only. The trial court erred by permitting Jackson Coca-Cola to accept the additur well outside the thirty-day limit set out in Estate of Berry v. Dahlem. This matter is reversed and remanded for a new trial on the issue of damages.
¶ 8. Because we remand for a new trial, it becomes necessary to turn our attention to Edelen’s remaining three issues to determine whether they have merit since that determination could affect the course of the new trial on damages. However, Edelen was unable to obtain a transcript of the first trial for this Court’s review, a fact that hampers our consideration of Edelen’s first remaining issue. That issue involved the propriety of an instruction directing the jury to determine whether Edelen’s own negligence in seating herself too close to the drink machine while it was in the process of being filled might have contributed to her injury. Proposed jury instructions must (a) accurately state the applicable law and (b) have some relevance to the particular issue being tried based on the evidence. Without a transcript of the earlier trial, we are unable to determine whether a comparative negligence instruction was proper and we do not address that issue. The propriety of such an instruction will depend on the evidence presented at retrial.
¶ 9. Edelen also challenges an instruction granted by the trial court that told the jury it could not award penalties or attorney’s fees as a part of her damage. Instructions, though correct statements of the law, ought not to be given unless there is some support for the instruction in the evidence. Rawson v. Midsouth Rail Corp., 738 So.2d 280 (¶ 30) (Miss.Ct.App.1999) (citing to DeLaughter v. Lawrence County Hosp., 601 So.2d 818, 824 (Miss.1992)). A negative instruction such as this describing what does not constitute an element of damages would not normally seem appropriate unless there was something in the proof that tended to cast the question into doubt. Because the issue of damages is being retried, the propriety of such an instruction cannot be decided until the evidence is in.
¶ 10. The remaining issue raised in Edelen’s appeal concerns an objection to what Edelen believed was expert opinion testimony of a doctor not disclosed as an expert in discovery. Because there must be a new trial on damages and because a substantial passage of time has occurred since the first trial, we assume that the trial court will grant both parties an opportunity to engage in further discovery in preparation for that trial. That being the case, the issue of the propriety of this doctor’s testimony at the first trial is rendered moot, and we do not consider it further.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND THIS CAUSE IS REMANDED FOR A NEW TRIAL LIMITED TO DAMAGES ONLY. COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
*1260 KING and SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, PAYNE, and THOMAS, JJ„ concur. IRVING, J., concurs in result only. CHANDLER, J., not participating.