947 So.2d 961 (2005)
Marilyn C. DEDEAUX and Eugene Dedeaux, Appellants
v.
PELLERIN LAUNDRY, INC., Appellee.
No. 2003-CA-02408-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Rehearing Denied June 13, 2006.
Robert H. Tyler, Biloxi, attorney for appellant.
John Roger Miller, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. Marilyn and Eugene Dedeaux filed a claim against Pellerin Laundry, Inc. alleging that they sustained multiple damages as a result of an automobile accident between a vehicle driven by Marilyn and a vehicle owned by Pellerin. The jury returned a verdict in Marilyn's favor and awarded her damages; however, it awarded zero damages to Eugene[1] In response, the Dedeauxes moved for a new trial on the issue of damages, or in the alternative, for an additur. The trial court denied the motion for a new trial, but granted an *962 additur which the Dedeauxes found to be insufficient.
¶ 2. On appeal, the Dedeauxes argue that (1) the jury award in favor of Marilyn was nominal and against the overwhelming weight of the credible evidence, (2) the jury verdict failing to grant damages to Eugene was against the overwhelming weight of the evidence, (3) the trial court erred in refusing to grant their motion for a new trial on the issue of damages, and (4) the trial court erred in failing to grant a more substantial additur to the jury award in their favor.
¶ 3. We find that Pellerin failed to affirmatively accept the additur in a timely manner; therefore, we order a new trial on the issue of damages only.

FACTS
¶ 4. In May 1998, Marilyn Dedeaux was involved in an automobile accident with a vehicle owned by Pellerin.[2] Thereafter, on January 14, 1999, Marilyn and her husband Eugene filed a complaint in the Harrison County Circuit Court against Pellerin, alleging multiple damages as a result of the accident. Marilyn specifically alleged property damage, past and future mental and physical pain, suffering, emotional distress, and the loss of enjoyment of life. As already mentioned, Eugene made claims for property damage and loss of consortium as a result of the injuries incurred by his wife. A jury found Marilyn forty-seven percent at fault and returned a verdict in her favor in the amount of $38,512. The verdict was reduced to $20,411.36 following the application of her fault percentage.
¶ 5. The Dedeauxes filed a motion for a new trial on damages, or in the alternative, for an additur. After a hearing on the matter, the trial court denied the motion for a new trial but granted Marilyn an additur in the amount of $20,000 and Eugene an additur of $10,000. After a reduction to reflect Marilyn's percentage of fault, Marilyn received a total recovery of $31, 011.36, and Eugene received a recovery of $5,300.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. Although the Dedeauxes have assigned several issues for our review, the resolution of this case is determined by whether Pellerin made a timely acceptance or rejection of the additur ordered by the trial judge. Under applicable case law, if Pellerin timely accepted the additur, the Dedeauxes do not have a right of appeal. See Maddox v. Muirhead, 738 So.2d 742 (Miss.1999); Odom v. Roberts, 606 So.2d 114 (Miss.1992); Edelen v. Jackson Coca-Cola Bottling Co., 782 So.2d 1256 (Miss.Ct. App.2001). We therefore restrict our analysis to this issue.
¶ 7. Mississippi Code Annotated section 11-1-55 (Rev.2002) authorizes a trial judge to award an additur under certain circumstances. Similarly, the Mississippi Supreme Court in Odom outlined the options available to a plaintiff and defendant where the trial court has granted an additur. The Odom court held that a defendant only may elect to (1) reject the additur and have the case retried on the issue of damages only, (2) appeal on the grounds that the circuit court should not have granted the additur at all, or alternatively, the additur granted was legally excessive, or (3) accept the additur and pay the judgment. Odom, 606 So.2d at 121.
*963 ¶ 8. Under Odom, a plaintiff dissatisfied with the amount of recovery, even as enhanced by an additur, may not demand a new trial. Edelen v. Jackson Coca-Cola Bottling Co., 782 So.2d 1256, 1257 (¶ 3) (Miss.Ct.App.2001). Also, in a case where the defendant accepts the additur and pays the judgment, the dissatisfied plaintiff is precluded from appealing because, according to Odom, if the defendant accepts the additur, the plaintiff's only option is to cross appeal, arguing that the additur is legally inadequate and that the trial court abused its discretion. Odom, 606 So.2d at 121. If the additur is accepted and paid by the defendant, quite logically there will be no direct appeal, and if there is no direct appeal, there is no procedural mechanism for a cross appeal.
¶ 9. A defendant has thirty days from the entry of the trial court' judgment awarding the additur to exercise his option to accept or reject the additur. Estate of Berry v. Dahlem, 741 So.2d 932, 935 (¶ 17) (Miss.1999). Where the defendant takes no action within those thirty days, the trial court must proceed with a new trial on damages. Id.
¶ 10. Turning to the case at bar, we note from the outset that the trial judge's order awarding the additur failed to expressly condition the denial of the Dedeauxes' motion for a new trial upon Pellerin's acceptance of the additur. However, since additurs are governed by statute, we are satisfied that this condition was, by operation of law, incorporated into the judge's order. Similarly, the record reveals that the trial judge's intent was indeed to condition the denial of the Dedeauxes' motion upon Pellerin's acceptance of the additur. The following exchange between the court and both parties at the conclusion of the motion hearing supports this contention.
MS. LEE: Your Honor, procedurally if theif I understand it correctly, the plaintiffs have to accept the additur or take it up on appeal?
THE COURT: Actually I think it's up to the defense. The defense has the option of accepting it or not.
MR. MILLER: I believe that's correct, your Honor. But if I don't accept the additur, do we do a new trial on damages?
THE COURT: I think that's what the law is. I think the option is up to the defense, that they accept or not. And if they do not accept, I think we would have a new trial on damages. I think the law used to give the plaintiff the option, but it's been changed quite sometime ago.
MR. MILLER: I believe, as you say, I believe it is my option.
THE COURT: I know under the current case law it's the option of the defense to accept or not. So get the judgment and get it to the Court for entry. And then, Mr. Miller, you can advise Ms. Lee what your client's position is. All right. Y'all have a good day. Thank you.
¶ 11. Although the above testimony reveals that the trial judge intended to grant a new trial if Pellerin chose not to accept the additur, the record before us is silent as to whether Pellerin affirmatively accepted or rejected the additur within the requisite time period. Similarly, there is no evidence in the record before us to suggest that Pellerin ever paid the judgment as ordered by the trial judge. As a result, we find that due to its failure to affirmatively accept the additur within thirty days of the trial court's order, Pellerin effectively acceded to a new trial limited to damages only.
¶ 12. It may be deduced from what is not said in Pellerin's appellate brief that it *964 has implicitly accepted the additur. For example, Pellerin does not argue that the additur is excessive or was improperly granted. However, according to the clear dictates of Estate of Berry, a defendant, within thirty days, must "either accept the additur, reject it and proceed to a new trial on damages, or file an appeal." Estate of Berry, 741 So.2d at 935 (¶ 17). Pellerin, the defendant in the trial court, did not file an appeal. The Dedeauxes are the ones who filed the appeal. Accordingly, this matter is reversed and remanded for a new trial on the issue of damages. We therefore find it unnecessary to address the merits of the Dedeaux's remaining arguments.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED, AND THIS CAUSE IS REMANDED FOR A NEW TRIAL LIMITED TO DAMAGES ONLY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Eugene was not physically involved in the accident but asserted claims for loss of consortium and property damage.
[2] At the time of the accident, the vehicle was being operated by Donald O. Neubeck, an employee of Pellerin. Nuebeck was subsequently dismissed from the suit as a result of his discharge in bankruptcy.