## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-01152-SCT

*GARY MADDOX*

*v.*

*JACK MUIRHEAD, JR., AND NORTH JACKSON HOTEL PROPERTIES, LTD. d/b/a RAMADA PLAZA HOTEL*

### ON MOTION TO CLARIFY AND CORRECT OPINION

| | |
|---|---|
| DATE OF JUDGMENT: | 08/05/97 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT L. WELLS |
| ATTORNEYS FOR APPELLEES: | JOE MOSS |
| | MICHAEL V. CORY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/08/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/16/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. The opinion of the Court in this case was originally issued directing a new trial unless all parties accepted an additur of $10,000. Thereafter, Muirhead and Ramada, the defendants/appellees, filed with the Court notices of acceptance of the additur and motions seeking clarification and correction of that opinion urging that the right to accept an additur lies exclusively with the defendants. The motions were presented to the en banc conference, and upon careful consideration, it is found that they should be granted and that the original opinion should be amended to correctly reflect the Court's intent. Historically, additurs have been granted giving to the party suffering the judgment, and only that party, the right to accept the increase in the award or to have a new trial. Our statutes clearly authorize affirmance conditioned on an additur. Miss. Code Ann. § 11-1-55 (1991). In *Odom v. Roberts*, 606 So. 2d 114 (Miss. 1992), the Court addressed this question and any constitutional objection to acceptance by only the party whose jury outcome was

adversely altered. In view of *Odom*, the motions for clarification and correction of the opinion are granted, the original opinion in this case, 1999 WL 12827 (Miss. Jan. 14, 1999), is withdrawn, and the present one is substituted, correcting our prior inadvertent requirement that the plaintiff/appellant as well as the defendants/appellees accept an additur.

## STATEMENT OF THE CASE

¶2. Gary Maddox ("Maddox") sued for injuries he sustained in an altercation with Jack Muirhead, Jr., ("Muirhead") while both men were patrons at the 1001 Bar located on the premises of the Ramada Plaza Hotel ("Ramada"). The jury returned a verdict in favor of Maddox in the amount of $2,900.00, which was reduced by $580 to reflect Maddox's percentage of fault. The trial court denied Maddox's request for an additur or a new trial on the issue of damages. He now appeals from the denial of his motion to this Court and assigns the following issue for our consideration:

**WHETHER THE TRIAL COURT ERRED BY NOT GRANTING THE MOTION FOR ADDITUR OR IN THE ALTERNATIVE A NEW TRIAL AS TO DAMAGES ONLY.**

## DISCUSSION OF THE LAW

¶3. The law on the subject of additurs begins with Miss. Code Ann. § 11-1-55 (1991):

The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for a new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.

¶4. This Court has expounded upon the above statutory language in the following instances.

¶5. In reviewing a trial court's grant or denial of an additur, this Court's standard of review is limited to an abuse of discretion. *Rodgers v. Pascagoula Pub. Sch. Dist.*, 611 So. 2d 942, 945 (Miss. 1992); *State Highway Comm'n v. Warren*, 530 So. 2d 704, 707 (Miss. 1988). The party seeking the additur bears the burden of proving his injuries, loss of income, and other damages. We view the evidence in the light most favorable to the defendant, giving him all favorable inferences that may be reasonably drawn therefrom. *Rodgers*, 611 So. 2d at 945; *Odom v. Roberts*, 606 So. 2d 114 (Miss. 1992); *Copeland v. City of Jackson*, 548 So. 2d 970, 974 (Miss. 1989); *Hill v. Dunaway*, 487 So. 2d 807, 811 (Miss. 1986). Awards set by jury are not merely advisory and generally will not be "set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous."*Rodgers*, 611 So. 2d at 945 (*citations omitted*). The amount of damages awarded is primarily a question for the jury. *South Cent. Bell Tel. Co. v. Ellis*, 491 So. 2d 212, 217 (Miss. 1986); *Edwards v. Ellis*, 478 So. 2d 282, 289 (Miss. 1985). "Additurs represent a judicial incursion into the traditional habitat of the jury, and therefore should never be employed without great caution." *Gibbs v. Banks*, 527 So. 2d 658, 659 (Miss. 1988).

¶6. Turning to the case at bar, the record reveals that Maddox incurred $2,831.25 in medical costs from injuries sustained in the fight. He also claimed regular lost wages of $21,877.60 and lost overtime pay of at least $4,000.00. As proof of pain and suffering, Maddox testified that he spent 5 months in a leg cast, and suffered a bloody nose, a bleeding ear, and other pain and suffering.

¶7. The jury's $2,900 award in favor of Maddox was without regard to fault. Fault was apportioned by the jury as follows:

Gary Maddox <u>20%</u>

Alan Salter[1] <u>25%</u>

Jack Muirhead, Jr. <u>50%</u>

Ramada Plaza Hotel <u>5%</u>

TOTAL <u>100%</u>

After a reduction for Maddox's portion of fault, judgment was entered against Muirhead and Ramada in the amount of $1,160 each.

¶8. Maddox's jury instruction on damages contained the following three factors to be considered by the jury.

1. The type of injury to the Plaintiff, if any, and the length of its duration.

2. Past pain and suffering and resulting mental anguish, if any.

3. Medical expenses incurred.

Nowhere did Maddox include damages for lost income and overtime. He did testify that he calculated his lost income and overtime using his weekly pay. However, his testimony was not corroborated by documentation or other evidence as to the amount of lost wages and overtime. It is reasonable to conclude that the jury did not credit his testimony concerning lost wages and overtime. *Brake v. Speed*, 605 So. 2d 28, 35 (Miss. 1992); *see also Moody v. RPM Pizza, Inc.*, 659 So. 2d 877, 883 (Miss. 1995).

¶9. The verdict of the jury, before reduction for Maddox's percentage of fault, compensated him for his medical bills and left $69, apparently for past pain and suffering. After reduction for his negligence, Maddox is left with a total of $2,320. Maddox points to a litany of decisions by this Court granting additurs where the jury award was either less than the medical bills, or equal to the medical bills but leaving nothing for pain and suffering. *See Moody*, 659 So. 2d at 883 (award of all medical expenses but nothing for pain and suffering contradictory to the evidence); *Harvey v. Wall*, 649 So. 2d 184 (Miss. 1995) ($95.80 for pain and suffering insufficient to compensate plaintiff with permanent injury); *Rodgers v. Pascacoula Pub. Sch. Dist.*, 611 So. 2d 942, 945 (Miss. 1992) (amount of verdict equal to medical expenses required additur); *Brown v. Cuccia*, 576 So. 2d 1265 (Miss. 1991) (additur required where $3,000 verdict for disabling back injury was less than $600 above plaintiff's actual expenses for treatment); *Pham v. Welter*, 542 So. 2d 884 (Miss. 1989) (damages of $30,000 for plaintiff who proved special damages of $28,682 were so inadequate as to shock the conscience).

¶10. In the above cases, the plaintiff either presented corroborating testimony concerning his injuries and pain and suffering, or suffered some sort of permanent disability as a result of his injury. Maddox neither suffered a permanent injury nor did he provide any supporting testimony as to his pain and suffering. Nonetheless the jury assessed Muirhead's fault at 50% and Ramada's at 5%. Essentially, the jury award fails to compensate Maddox for medical bills that were uncontested by either defendant. Further, there is nothing left for any pain and suffering that Maddox endured as a result of his injuries. We find that the trial court abused its discretion in refusing to grant an additur. The jury award in this instance was so inadequate as to shock the conscience and against the overwhelming weight of the evidence. While the jury was free to accept or reject Maddox's uncorroborated and undocumented testimony concerning lost wages and overtime, the medical bills were not contradicted, and no allowance was made for pain and suffering.

## CONCLUSION

¶11. We direct a new trial on damages unless the defendants accept an additur of $10,000. If the defendants accept the additur within 15 days of the date of this decision, the judgment will be affirmed for $12,320, plus interest from the date of the judgment. Otherwise, the judgment will be reversed, and the case will be remanded for a new trial on damages only.

¶12. **AFFIRMED ON CONDITION OF ACCEPTANCE OF ADDITUR OF $10,000 BY THE DEFENDANTS WITHIN FIFTEEN (15) DAYS.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. COBB, J., NOT PARTICIPATING.**

**BANKS, JUSTICE, CONCURRING:**

¶13. Were I writing on a clean slate, I would take the position expressed by Justice McRae in his dissent. Indeed, I took that position in ***Odom v. Roberts***, 606 So. 2d 114,112 (Miss. 1992) (Banks, J., dissenting). My position lost. In recognition of that fact and the value of stare decisis, I join the majority.

**McRAE, JUSTICE, DISSENTING:**

¶14. The majority's decision requiring only the defendant to accept the additur in this case to avoid a new trial on damages violates the constitutional right to a trial by jury. When the moving party asks for either an additur or a remittitur and only the losing party is required to agree to the amount added or remitted, the movant's right to trial by jury is violated. Hence, as is developed below, such action allows the moving party to be ambushed. It is for this reason that I must respectfully dissent.

¶15. Section 31 of the Mississippi Constitution provides that "[t]he right of trial by jury shall remain inviolate . . . ." Miss. Const. art. 3, § 31 (1890). We have always vehemently safeguarded the right to a trial by jury, even when interpreting the exception to that right imposed by the rules governing summary judgment. *See Hurst v. Southwest Miss. Legal Servs. Corp.*, 610 So. 2d 374, 384 (Miss. 1992) ("Trial judges must be sensitive to the notion that summary judgment may never be granted in derogation of a party's constitutional right to trial by jury"); *Pope v. Schroeder*, 512 So. 2d 905, 908 (Miss. 1987) ("[S]ummary judgment should not be used to snuff out a litigant's right to a trial unless it is appropriate under the rule."). Included in the right to a jury trial is the right to have the jury determine the amount of damages to be awarded in a civil case. *See Odom v. Roberts*, 606 So. 2d 114, 119 (Miss. 1992) (right to jury trial restricts the power of the courts to interfere with the jury's verdict). Allowing the award of an additur or remittitur without approval of both parties is an unjustified intrusion on that right. To the extent that Miss. Code Ann. § 11-1-55 (1991) does not require acceptance of an additur or remittitur by both parties, I would hold that statute to be unconstitutional.

¶16. In his motion to clarify and correct opinion, Muirhead cites our decision in *Odom*, 606 So. 2d at 122, to support his position that only the defendant need accept a court-awarded additur for it to stand in face of the threat of a new trial. In *Odom*, we addressed the constitutional issue involved today, conceding that the statutory scheme in § 11-1-55 allowing the trial court to alter the jury's award of damages intruded upon the right to a jury trial. We stated, "So seen, we trust it is uncontroversial today that § 11-1-55 is but declarative of the common law exception to the constitutional right as existed from the beginning. Still, additurs and remittiturs crowd against the inviolate right." *Id*. at 119-20. However, we rationalized the intrusion on the right to a trial by jury, finding that the statute's requirement that the defendant accept an additur, or that the plaintiff accept a remittitur, alleviated any adverse effect on the parties' rights:

> The statute employs a creative scheme that accommodates the right. The party whose verdict is being altered adversely to his interest-who is being put in a worse position than the jury put him-is given the procedural opportunity to claim his right to object, to say "No" to the additur or remittitur, as the case may be, and start from scratch at a new trial on damages only.

*Id*. at 120.

¶17. This reasoning is flawed because it assumes that only a defendant may be adversely affected by an additur, or that only a plaintiff may be adversely affected by a remittitur. Consider a situation in which the plaintiff files a motion for an additur in a case in which the jury's verdict failed to account for $200,000 in recoverable damages. If the trial court grants the additur, but only increases the jury's award by $1,000, the additur becomes more adverse to the plaintiff than to the defendant. Yet, under the majority's analysis of the current statutory scheme, only the defendant has the right to reject such an inadequate additur. The result is the same in the case of an insufficient remittitur where the defendant actually becomes the adversely affected party and has no remedy other than to file a direct appeal. The prejudice is considerably worsened on the appellate level. If we allow ourselves the same unfettered discretion in awarding additurs and remittiturs without the safeguard of acceptance by both parties, the slighted party has no recourse. He is bound by an inequitable verdict in violation of his right to a trial by jury.

¶18. As Justice Banks pointed out in his dissent in *Odom*:

> [B]oth sides have a right to a jury trial and a fair trial at that. A verdict which, as to damages, is so disconsonant with the evidence as to evince bias and prejudice should be treated as a nullity with no

party having rights therein. The trial court's suggestions as to adjustments to damages, in the form of an additur or remmittitur [sic], should be taken as just that, suggestions which the parties may accept in lieu of new trial. Such a procedure would promote a suggested award which is fairly responsive to the evidence rather than one targeted to a minimum sustainable verdict.

*Odom*, 606 So. 2d at 122 (Banks, J., dissenting). I would hold that for an additur or remittitur to be constitutionally binding, it must be approved by both parties.

1. Salter was a named defendant but he was dismissed because the statute of limitations had run as to him.