# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00383-SCT

*NELLIE DEPRIEST*

*v.*

*TONY BARBER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/10/2000 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH MAYFIELD |
| ATTORNEY FOR APPELLEE: | GARY L. CARNATHAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 3/29/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/19/2001 |

**BEFORE BANKS, P.J., MILLS AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. On January 31, 1997, Nellie DePriest ("DePriest") filed suit in the Lee County Circuit Court against Tony Barber ("Barber") seeking damages for personal injuries stemming from an automobile accident on January 4, 1996. DePriest alleged that Barber negligently operated his wrecker truck while attempting to tow a mobile home transport which had become stuck in mud on the side of the road. After a bench trial, the circuit judge ruled in favor of DePriest and affixed damages at $12,000. In his ruling, the trial judge assigned liability among DePriest, Barber, and two other individuals (the transporter of the mobile home and the owner of the mobile home) who were not parties to the lawsuit at twenty-five percent (25%) each. The trial judge then ordered Barber to pay $3000 representing 25% of the total damages, or his portion of the fault. From that final judgment, DePriest filed a timely appeal alleging that the trial court erred by (1) limiting recovery under Miss. Code Ann. § 85-5-7 (1999) to 25% of the recoverable damages and (2) abused its discretion in awarding only $3000.

## FACTS

¶2. On January 4, 1996, in Tupelo, Mississippi, Barber was attempting to free an incapacitated mobile home and the truck transporting it from the side of the road. In his attempt, Barber attached a towing cable from his wrecker truck to the mired truck and stretched the cable across the road for greater leverage and a better pulling angle. At the time, DePriest was driving down the same public street. The placement and adequacy of warnings was a hotly disputed topic at trial. Nonetheless, DePriest collided with the outstretched cable which caused her automobile to flip. She suffered both personal injuries and property damage in the collision.

¶3. DePriest underwent a thorough examination at the North Mississippi Medical Center. Although she suffered no broken bones and did not require surgery, DePriest sustained injuries to her neck, back and wrist coupled with headaches. During the days following the incident, DePriest continued to experience discomfort and sought further medical treatment. From January 17, 1996, until August 27, 1996, DePriest was under the care of Dr. Darrell Blain who diagnosed the injuries as muscle spasms and sprains to the back and neck.

¶4. On January 31, 1997, DePriest filed suit in the Lee County Circuit Court against Tony Barber seeking damages for her injuries, including medical expenses totaling $7,824.95, $406.00 in lost wages, and reimbursement of the $500.00 deductible for the damage to her property, and six months of pain and suffering.

## DISCUSSION

### I. WHETHER THE TRIAL COURT ERRED IN LIMITING PLAINTIFF'S RECOVERY UNDER § 85-5-7 TO 25% OF THE RECOVERABLE DAMAGES.

¶5. Statutory interpretation is a question of law, and we review questions of law de novo. *Donald v. Amoco Prod. Co.,* 735 So. 2d 161, 165 (Miss. 1999). Therefore, we are not required to defer to the trial court's judgment or ruling. The issue before us concerns the proper interpretation of a statute and thus, how the statute should be applied.

> The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.

*Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980). Instead of looking at the appropriateness of the trial judge's holding, the statute's language acts as guide in determining the proper outcome, and Miss. Code Ann. § 85-5-7(2) (1999) reads as follows:

> Except as may be otherwise provided in subsection (6) of this section, in any civil action based on fault, the liability for damages caused by two (2) or more persons shall be joint and several only to the extent necessary for the person suffering injury, death or loss to recover fifty percent (50%) of his recoverable damages.

¶6. In the case at bar, the trial judge examined the evidence and fixed damages at $12,000. Pursuant to Miss. Code Ann. § 85-5-7(3) (1999), he then apportioned liability amongst DePriest, Barber, and two persons not party to the suit determining that each was responsible for 25% of the damages. The trial judge then ordered Barber to pay $3000, or his allotted share of fault. DePriest asserts that the trial judge erred in ordering Barber to pay only 25% of the total damages and argues instead that Miss. Code Ann. § 85-5-7(2) requires 50% of damages be paid.

¶7. Until the passage of Miss. Code Ann. § 85-5-7 (1999) on July 1, 1989, "plaintiffs had the option to sue one, all or a select group of tortfeasors and collect full damages from those parties sued." *Narkeeta Timber Co. v. Jenkins*, 777 So. 2d 39, 42 (Miss. 2000) (citing *Hall v. Hilbun*, 466 So. 2d 856, 879 (Miss. 1985)). Essentially, a plaintiff could recover the entire judgment from any single defendant "no matter

the allocation of fault." *Id.* Then Miss. Code Ann. § 85-5-7 was adopted and defendants were no longer obligated to shoulder the full weight of a judgment alone. "[T]he statute serves to reduce the extent to which one defendant may be held liable for the negligence of another." *Estate of Hunter v. Gen. Motors Corp.*, 729 So. 2d 1264, 1274 (Miss. 1999). In addition, the statute has been interpreted to allow consideration of absent tort-feasors in the allocation process. *Id.* If a defendant's share of fault is 50% or less, Miss. Code Ann. § 85-5-7(2) limits the payment obligation to 50% of the total recoverable damages. *Id.*

¶8. Whether the trial judge believed the statute required Barber to pay only for his share of fault or whether the trial judge subtracted DePriest's fault percentage from the requisite minimum 50% recovery makes little difference; both are incorrect interpretations of the law. Although we have held that a payment by a joint tortfeasor may be included to arrive at the 50% required by statute, a plaintiff's percentage of fault shall not be counted in that 50%. *Narkeeta Timber Co.*, 777 So. 2d at 42. The statute clearly and unambiguously states that "liability for damages caused by two (2) or more persons shall be joint and several only to the extent necessary for the person suffering injury, death or loss to recover fifty percent (50%) of his *recoverable damages*." Miss. Code Ann. § 85-5-7(2) (1999) (emphasis added). DePriest cannot recover damages from herself; therefore, "recoverable damages" represent those damages attributable to other parties. In the present case, DePriest's recoverable damages amount to $9000 ($12,000 - $3000 representing her share of fault); and therefore, the trial judge should have ordered Barber to pay $4500, or 50% of the total recoverable damages. This does not mean that Barber is left with another responsible party's tab; he can always seek contribution from his fellow tortfeasors. Placing most of the financial burden, 75% in the present case, on the injured party when that party is not largely responsible is inconsistent with the history and purpose of tort law.

## II. WHETHER TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PLAINTIFF ONLY $3000.

¶9. DePriest alleges that the trial judge abused his discretion in awarding a mere $3000 in damages, and thus, an additur is more than proper under the facts of this case. In support of this contention, DePriest lists her damages as $7,824.95 in medical bills, a $500 deductible arising from property damage to her automobile, and $406 in lost wages for a total of $8,730.95 in out-of-pocket expenses. In addition, DePriest claims she is due compensation for more than six months of pain and suffering. As such, DePriest feels she is entitled to more than a mere $3000.

¶10. In bench trials such as this, a circuit judge is subject to the same standard of review as that of a chancellor. *Sweet Home Water & Sewer Ass'n v. Lexington Estates Ltd.*, 613 So. 2d 864, 872 (Miss. 1993). Therefore, the circuit judge's decision will not be disturbed as long as substantial, credible, and reasonable evidence exists to support the ruling. *Allied Steel Corp. v. Cooper*, 607 So. 2d 113, 119 (Miss. 1992).

¶11. First, DePriest incorrectly frames the issue as if the trial judge found that only $3000 was recoverable. In actuality, the trial judge held that DePriest suffered $12,000 in damages. Second, DePriest's allusions to an absence of compensation for pain and suffering are simply not true. Since the out-of-pocket expenses amount to $8,730.95, that means that the trial judge granted $3,269.05 ($12,000 - $8,730.95) in pain and suffering. Finally, DePriest argues that an additur is appropriate in this case since she recovered less than her medical expenses alone. Again, DePriest misreads the holdings of the cases she cites in support of her argument. The cases cited dealt with instances in which entire verdicts included little or nothing for pain and

suffering despite the overwhelming weight of the evidence. *Maddox v. Muirhead*, 738 So. 2d 742 (Miss. 1999); *Moody v. RPM Pizza Inc.*, 659 So. 2d 877 (Miss. 1995); *Harvey v. Wall*, 649 So. 2d 184 (Miss. 1995); *Rodgers v. Pascagoula Pub. Sch. Dist.*, 611 So. 2d 942 (Miss. 1992); *Brown v. Cuccia*, 576 So. 2d 1265 (Miss. 1991); *Pham v. Welter*, 542 So. 2d 884 (Miss. 1989) . The present case does not present the same problem. In the matter at hand, the trial judge found that more than $3000 in pain and suffering existed, which is far from a level that "shocks the conscience." *Maddox*, 738 So. 2d at 744-45. We therefore find that in calculating the total damages, the trial judge did not commit reversible error.

## CONCLUSION

¶12. Although there was no reversible error committed in calculating the total damages, the trial judge did err in interpreting the Miss. Code Ann. § 85-5-7 (1999). Over a fourth of the total damages was allocated for pain and suffering, which is more than adequate compensation given the facts of the case. However, the plaintiff's share of fault should never be used to fulfill the requisite 50% of recoverable damages under Miss. Code Ann. § 85-5-7(2) (1999). Thus, the trial judge clearly erred in ordering Barber to pay only $3000 or his share of the damages. Therefore, we reverse the trial court's judgment and remand for entry of a new judgment in harmony with this opinion.

¶13. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**