ISHEE, J.,
 

 for the Court:
 

 ¶ 1. Valerie Jackson-Miller (Miller) instituted this civil action in the Circuit Court of Rankin County after a jury awarded her $30,000 in damages following an automobile accident. Miller asserted claims against State Farm Mutual Insurance Company (State Farm) for damages resulting from the injuries she sustained in the automobile accident with Walter Duncan, an uninsured motorist.
 

 FACTS
 

 ¶ 2. Miller was injured in an automobile accident that occurred on January 13, 2005. Miller was driving a BMW when another vehicle, which was owned by Duncan, failed to stop at a stop sign.
 
 [1]
 
 As a result, Duncan’s vehicle collided with Miller’s vehicle, and Miller was injured.
 

 ¶ 3. Shortly after the accident, Miller complained of back and neck pain and was taken to the emergency room at Rankin Medical Center by her husband Harold Miller. She was treated and released that evening; however, Miller testified that over the days following the accident, her pain continued to increase. After spending a few days in pain, Miller visited Dr. Michael Winkelmann, her treating physician since the late 1990s. Miller had been in two automobile accidents prior to the present accident, and Dr. Winkelmann had treated her following both of those accidents.
 

 ¶ 4. Over the course of Dr. Winkel-mann’s treatment, Miller’s back and neck pain did not improve as well as Dr. Wink-elmann had hoped. Dr. Winkelmann ordered an MRI of Miller’s cervical spine.
 
 *993
 
 The results of the MRI showed that Miller had a small posterior C4-5 disc bulge and that it was abutting the thecal sac. Dr. Winkelmann testified that Miller had sustained permanent injury to her cervical spine and left hip as a result of her automobile accident with Duncan. Dr. Winkel-mann opined that Miller’s injuries from the automobile accident with Duncan would continue to bother her in the future, and she may need to continue physical therapy and take medications.
 

 ¶ 5. At the time of the accident, Miller was insured by State Farm. She maintained an underinsured motorist (UM) policy with a policy limit of up to $250,000. At trial, State Farm and Miller stipulated before the jury that: Miller was insured under this policy; Duncan qualified as an owner or operator of an underinsured motor vehicle; and Duncan was at fault for the accident. State Farm filed a motion in limine to exclude the amount of Miller’s UM policy. Over Miller’s objections, the circuit court excluded the $250,000 policy-limit amount from the jury and found that the only issue for determination in the case was the amount of damages.
 

 ¶ 6. Following the jury verdict, Miller filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial or additur. A hearing was held on the motion, and it was denied by the circuit court. From this judgment, Miller appeals, asserting:
 

 I. The circuit court erred in excluding evidence regarding the policy limits contained in Miller’s insurance contract with State Farm.
 

 II. The circuit court erred in overruling Miller’s motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.
 

 III. The circuit court erred in denying Miller’s motion for additur.
 

 IV.The circuit court erred in denying Miller’s jury instruction P-3.
 

 Finding no error, we affirm.
 

 DISCUSSION
 

 I. Evidence Regarding the Policy Limits
 

 ¶7. Miller asserts that the circuit court erred in excluding evidence of the amount of her UM policy from the jury. Miller’s UM policy provided $250,000 in coverage by State Farm for her. Miller argues that although the circuit court has broad discretion on evidentiary matters, the circuit court’s ruling to exclude the amount of the policy constitutes reversible error because a substantial right of Miller’s was affected.
 

 ¶ 8. Both parties stipulated that the insurance policy would be admitted into the circuit court’s record, with the stipulation including an agreement on all coverage issues potentially relevant to Miller’s UM policy claim. It was also stipulated that Duncan, an uninsured motorist, was 100 % at fault for the accident. Therefore, this was a damages-only case. The circuit court excluded the UM policy limit under Mississippi Rule of Evidence 403, which states:
 

 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 

 ¶ 9. Because this case was only about damages, the circuit court properly excluded the UM policy limits because it would have been more prejudicial than probative. This issue is without merit.
 

 
 *994
 
 II. Miller’s Motion for a Judgment Notwithstanding the Verdict or, Alternatively, a New Trial
 

 ¶ 10. Miller argues that the circuit court erred when it overruled her motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. Miller asserts that she provided extensive testimony regarding her permanent injuries, medical bills, lost wages, and pain and suffering and that a verdict of only $30,000 ignores the fact that she suffered permanent injury. She argues that it also ignores the fact that she still continues to suffer pain from the car accident.
 

 ¶ 11. Miller had suffered injuries in previous car accidents prior to the subject ear accident. At trial, Miller’s underlying injuries were shown to be reasonably present from other causes and factors. Her treating physician, Dr. Winkelmann, testified that Miller’s five percent permanent impairment rating was consistent with Miller’s injuries that existed prior to the subject accident. We find that the trial court did not err in denying Miller’s motions; thus, this issue is also without merit.
 

 III. Motion for Additur
 

 ¶ 12. Next, Miller asserts that the circuit court erred in denying her motion for additur. At trial, Miller submitted into evidence approximately $23,281.88 in medical bills and $2,180 in lost wages. The jury awarded Miller $30,000 in damages. Miller argues that the overwhelming weight of evidence presented at trial showed that her permanent injuries, medical bills, lost wages, and pain and suffering warranted a damage award significantly higher than the amount awarded by the jury.
 

 ¶ 13. An additur will only be granted in cases where the trial judge makes a finding that the damage award was inadequate because the jury was “influenced by bias, prejudice or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence.” Miss.Code Ann. § 11-1-55 (Rev.2002). We determine whether a jury award is excessive on a case-by-case basis.
 
 Purdon v. Locke,
 
 807 So.2d 373, 376 (¶ 9) (Miss.2001). “The party seeking the additur bears the burden of proving his injuries, loss of income, and other damages.”
 
 Patterson v. Liberty Assocs., L.P.,
 
 910 So.2d 1014, 1020 (¶ 19) (Miss.2004). “We view the evidence in the light most favorable to the defendant, giving him all favorable inferences that may be reasonably drawn therefrom.”
 
 Id.
 
 Our review of a trial court’s denial of an additur is limited to an abuse-of-discretion standard.
 
 Maddox v. Muirhead,
 
 738 So.2d 742, 743 (¶ 5) (Miss.1999).
 

 ¶ 14. There is nothing in the record that suggests the jury was influenced by prejudice, bias, or passion. Furthermore, we cannot say that the circuit judge abused his discretion, as there was sufficient evidence from which the jury and the circuit judge could have found that Miller was only entitled to $30,000 in damages. We find no merit to this issue.
 

 IV.Denial of Miller’s Jury Instruction
 

 ¶ 15. In her final allegation of error, Miller asserts that the circuit court erred in denying jury instruction P-3. Jury instruction P-3 states:
 

 One who injures another suffering from a pre-existing condition is liable for the entire damage if no apportionment can be made between the pre-existing condition and damage caused by a Defendant.
 

 Thus, if you find from a preponderance of the evidence that no apportionment can be made from Valerie Jackson Miller’s injuries in the October 26, 2004
 
 *995
 
 collision to the January 13, 2005 collision, then the Defendant is liable for the entire amount of damages after January 18, 2005.
 

 ¶ 16. Miller asserts that this jury instruction was crucial to her case because State Farm offered no expert testimony to separate which injuries were attributable from the January 18, 2005, car accident and which injuries were attributable to prior car accidents. Thus, Miller argues that she should have been allowed to recover for all damages she suffered after the January 13, 2005, car accident without any reduction in damages for her prior medical problems.
 

 ¶ 17. When we review a claim of circuit court error in granting or denying jury instructions, we are required to read and consider all of the jury instructions together as a whole.
 
 Burr v. Miss. Baptist Med. Ctr.,
 
 909 So.2d 721, 726 (¶12) (Miss.2005). Jury instruction P-3 was not supported by the evidence presented at trial. Specifically, there was no apportionment issue presented. Therefore, the circuit court correctly refused this instruction. This final issue is also without merit.
 

 ¶ 18. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., BARNES, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. IRVING, J., CONCURS IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.
 

 [1]
 

 . It is undisputed in the record that Duncan caused the automobile accident.