GRIFFIS, P.J.,
for the Court:
¶ 1. Torsha Buckley appeals the judgment of the Jefferson Davis County Circuit Court awarding her $15,000 in damages for a motor-vehicle accident. She claims the circuit court improperly (1) excluded testimony relating to Dr. Guy T. Vise’s medical evaluation report, (2) excluded her expert’s economic-loss report, (3) failed to issue a sua sponte motion to strike portions of defense counsel’s closing arguments, (4) denied her jury instruction on apportionment of damages, and (5) denied her motion for a judgment notwithstanding the verdict or, alternatively, motion for new trial and motion for additur. We find no error and affirm the judgment of the circuit court.
FACTS
¶ 2. On January 2, 2008, Buckley’s vehicle was stopped at a red light in Prentiss, Mississippi. The back of her car was struck by a vehicle owned by Pearl River Valley Electric Power Association (“EPA”) and driven by Herley R. Pounds, an EPA employee. Buckley filed a complaint alleging she had suffered injuries to her neck and shoulder as a result of the accident. She also claimed EPA was vicariously liable for Pounds’s negligent act. She sought damages for personal injuries including pain and suffering, mental anguish, emotional distress, lost wages; and past, present, and future medical, hospital and/or medically related expenses.
¶ 3. Pounds and EPA (collectively “EPA”) answered the complaint. They admitted liability, but they denied Buckley had suffered any injuries in the accident. Partial summary judgment was granted on liability, leaving only the issue of damages to be determined at trial.
¶ 4. Pounds testified he was traveling at about five miles per hour when he hit Buckley’s car. Officer Terrence Cooley responded to the accident. He testified the only damage to Buckley’s car was a black mark going across her bumper. Buckley testified she was hit hard enough to knock her Bluetooth device off of her ear.
¶ 5. Buckley claimed she could no longer work because she had lost the use of her left arm. She presented evidence of $43,422 in medical expenses, which she argued were a result of this accident. Buckley testified she had worked as a certified nurse’s assistant for three different home-health companies earning from $8 to $13 per hour. She presented expert testimony by Dr. Glenda Glover, an economist, who found Buckley’s future lost income totaled $445,241.
¶ 6. On cross-examination, Buckley admitted she had been unemployed for a year before the accident. She further admitted she had not filed an income tax return since 2004. In her 2004 return, she reported an annual income of $2,340. Records filed with the Social Security Administration showed Buckley’s annual income *928 was $46.40 in 2005, $1,769.30 in 2006, $109 in 2007, and $0 in 2008.
¶ 7. Buckley’s medical records showed she had suffered from fibromyalgia since 1996. She had made some complaints of neck and shoulder pain related to fibro-myalgia before the accident occurred. At the time of the accident, Buckley was taking various medications including Xanax, Valum, Soma, Lortab, Effexor, and Lyrica. She continued to take the same medications after the accident.
¶ 8. Dr. Orhan Ilercil, a neurological surgeon, testified on Buckley’s behalf. He stated an MRI showed Buckley had an arthritic form of degeneration of the spine. When he was asked whether this condition was aggravated or exacerbated by the accident, Dr. Ilercil responded: “Well, provided that there is no contradicting evidence as far as complaints regarding the neck or the arm prior to this motor vehicular accident, then it would be reasonable to say that her complaints of neck and left-sided upper extremity pain would be related to the motor vehicle] accident.”
¶ 9. On cross-examination, EPA’s counsel informed Dr. Ilercil that Buckley had been diagnosed with fibromyalgia years prior to the accident. Dr. Ilercil then stated: “[A]ssuming you have documentation from another doctor with a diagnosis of fibromyalgia, the first thing I would say is I’m not the doctor who made that diagnosis, but that fibromyalgia, in and of itself, can cause all of these symptoms and more.” Dr. Ilercil concluded he could not state with a reasonable degree of medical certainty that the automobile collision proximately caused Buckley’s left arm pain.
¶ 10. Buckley also offered Dr. Howard Katz as an expert witness. He testified Buckley’s MRI showed a mild disc bulge in her upper back, but he stated that he could not prove it was caused by the accident. Regardless, Dr. Katz said the bulge was probably not the cause of Buckley’s pain. He diagnosed her with a left shoulder strain and limited Buckley’s use of her left upper extremity to light-duty work. Dr. Katz said Buckley was capable of returning to work with that limitation.
¶ 11. Dr. David Gandy testified as an expert witness for EPA. He found the disc bulge was caused by long-term degenerative effects, not by the accident. He stated, at most, the accident temporarily exacerbated a preexisting condition. He placed no restrictions on Buckley’s ability to work.
¶ 12. The jury awarded Buckley $15,000 in damages.
ANALYSIS

1. Whether the circuit court improperly excluded testimony regarding the independent medical evaluation report by Dr. Vise, who was deceased at the time of trial.

¶ 13. Dr. Vise was designated as an expert by EPA, and he conducted an independent medical evaluation (“IME”) of Buckley on November 19, 2009, and produced a written report of his findings. Dr. Vise died before trial. EPA then designated Dr. Gandy as their new expert. Dr. Gandy gave a video deposition on July 9, 2010.
¶ 14. Before trial, EPA filed a motion in limine to exclude references to the IME by Dr. Vise, based on questions by Buckley during the video deposition of Dr. Gandy. EPA argued Dr. Vise’s report should not be admitted because it was speculative to assume Dr. Vise’s opinions would remain the same if he were alive and had access to Buckley’s other medical records and diagnostic reports. The record does not con *929 tain a response to the motion from Buckley. The circuit court granted the motion.
¶ 15. Dr. Vise was not a treating doctor. Since Dr. Vise’s report was prepared, Buckley has been treated by at least three doctors — Drs. Goel, Uercil and McLeod— and has had two MRIs, a myelogram and a CT scan.
¶ 16. Although Dr. Vise’s report was not admitted into evidence, a copy was attached as an exhibit to Dr. Gandy’s deposition. In the report Dr. Vise noted “[t]he information [Buckley] provided was not consistent with the medical records provided.” Dr. Vise’s report also contained a disclaimer:
The above analysis is based upon the available information at this time, including the history given by the exam-inee, the medical records and tests provided, the results of pain status inventories, and the physical findings. It is assumed that the material provided is correct. If more information becomes available at a later date, an additional report may be required. Such information may or may not change the opinions rendered in this evaluation.
¶ 17. Buckley argues Dr. Vise’s report should not have been excluded because it falls within an exception to the hearsay rule. Buckley cites Hercules, Inc. v. Walters, 434 So.2d 723, 725, 727 (Miss.1983) in which the Mississippi Supreme Court held the circuit court erred by not admitting the report of a deceased doctor into evidence based on findings that the report was hearsay and not reliable or trustworthy. The supreme court found the report fell within an exception to the hearsay rule and that the doctor’s records were trustworthy. See id. at 727. Although Buckley argues the present case “is analogous to Hercules, Inc. v. Walters,” there are significant differences. In Hercules, there was no other information available on the treatment beside the report of the deceased doctor. The appellant in that case sought to have the report admitted. The doctor in Hercules was not an expert hired by the appellee.
¶ 18. Yet the question of whether testimony regarding Dr. Vise’s report should have been admitted under an exception to the hearsay rule is not properly before this Court. References to the report were excluded by the circuit court on motion filed by EPA. Buckley apparently did not file a response. The order does not state the basis for granting the motion.
¶ 19. Buckley failed to present her assignment of error to the circuit court. Accordingly, she is barred from raising this error on appeal. See Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992).

2. Whether the circuit court erred by initially granting Buckley’s motion to admit evidence but then excluding the previously admitted evidence, resulting in the evidence being marked solely for identification.

¶ 20. Buckley argues the circuit court erred by initially ruling Dr. Glover’s economic-loss report could be introduced into evidence but then, after EPA objected, ruling it was inadmissible. The circuit court found the record would improperly enhance the testimony of Dr. Glover.
¶ 21. The admissibility of evidence is within the discretion of the trial court, and absent an abuse of that discretion, the trial court’s decision will not be disturbed on appeal. Haggerty v. Foster, 838 So.2d 948, 958 (¶ 25) (Miss.2002) (quotation and citations omitted).
¶ 22. Here, Buckley attempted to admit the report and resume of Dr. Glover into evidence during Dr. Glover’s testimony. As a result of an objection raised by EPA, *930 the report and resume were only marked for identification.
¶ 23. In Kroger Co. v. Scott, 809 So.2d 679, 687 (¶ 23) (Miss.Ct.App.2001), this Court stated that “admitting both the incident report as well as the testimony of the author of the report is unnecessary. To admit both would produce cumulative evidence that merely bolsters one or the other.” Similarly, Dr. Glover’s report was cumulative of her testimony.
¶ 24. Buckley suffered no prejudice because Dr. Glover testified at length about her findings in her report. All that was in the report was introduced during Dr. Glover’s testimony. The same would apply to her resume, as Dr. Glover testified about her qualifications. Thus, the information in Dr. Glover’s report was given to the jury.
¶ 25. We find this issue has no merit.

3. Whether the circuit court erred by failing to issue a sua sponte motion to strike portions of defense counsel’s closing arguments.

¶ 26. Buckley argues: “During his closing arguments, counsel for [EPA] claimed that if ... Buckley possessed a pre-existing condition, she was not entitled to any compensation.” According to Buckley, the error is based on these statements made during closing arguments:
It’s not fibromyalgia anymore. Of course she would say that, because she cannot get damages—she cannot get a jury award without blaming it on this. If it were something else that preexisted, she cannot get any money.
¶ 27. No objection was raised by Buckley during the closing argument. Buckley only objected after closing arguments, and after the jury had been sent out for deliberation.
¶28. As the circuit court stated: ‘You should have objected during the closing. By not objecting, you waived it. There’s nothing I can do about it.” A contemporaneous objection must be made during closing arguments or the objection is waived. Trustmark Nat’l Bank v. Jeff Anderson Reg’l Med. Ctr., 792 So.2d 267, 278 (1131) (Miss.Ct.App.2000).
¶ 29. The circuit court also stated:
And you put the Court in the position of not being able to rectify it. The jury’s already been in their deliberation. And obviously, if you have an objection, it needs to be made at the time.... I have no independent recollection of him making that statement. So I have no basis on which to determine whether he did or didn’t make that statement....
¶ 30. As will be noted in the next assignment of error, the circuit judge properly instructed the jury on the applicable law. Any remarks by EPA’s counsel were cured with the jury instructions on the law.
¶31. Thus, this issue is procedurally barred and without merit.
.4. Whether the circuit court improperly denied Buckley’s proposed jury instruction on the apportionment of damages.
¶ 32. Buckley argues the circuit court failed to properly instruct the jury about EPA’s liability for aggravating her preexisting condition. In her brief, Buckley does not state which instruction or instructions were improperly refused or what wording should have been given.
¶ 33. As this Court stated in Roger v. Adcock, 25 So.3d 1105, 1108-09 (¶ 16) (Miss.Ct.App.2010): “When reviewing challenges to jury instructions, this Court will affirm the trial court’s ruling where the instructions actually given, when read *931 together as a whole, fairly announce the law of the case and create no injustice.” (Quotation and citation omitted).
¶ 34. Instruction 8 stated: “You are instructed that if you find Plaintiff possessed a pre-existing condition, and Defendants aggravated such condition, Defendants bears the responsibility for proportion of the injury or aggravation of the injury they caused.”
¶ 35. The circuit court gave Buckley’s addition to this instruction—“You are instructed that one who injures another who suffers from preexisting condition is liable for the entire damage and no apportion [sic] can be made between the preexisting condition and damages caused by the Defendant ... ”—but this was not included in the written instructions to the jury after the error in this addition’s statement of the law was brought to the attention of the court by EPA.
¶ 36. The written instructions given to the jury properly presented the applicable law of the case. Therefore, this assignment of error is without merit.

5. Whether the circuit court improperly denied Buckley’s motion for a judgment notwithstanding the verdict or, alternatively, motion for new trial and motion for additur.

¶ 37. Mississippi Code Annotated section 11-1-55 (Rev.2002) provides:
The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for a new trial or affirm on direct or cross appeal, upon condition of an addi-tur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or trier of facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remitti-tur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remitti-tur.
¶ 38. It is well-settled law that when considering a trial judge’s denial of a motion for additur, this Court’s review is for an abuse of discretion. McClatchy Planting Co. v. Harris, 807 So.2d 1266, 1270 (¶ 16) (Miss.Ct.App.2001). “The party seeking the additur bears the burden of proving his injuries, loss of income and other damages.” Maddox v. Muirhead, 738 So.2d 742, 743 (¶ 5) (Miss.1999).
¶ 39. The supreme ' court has held: “Awards set by [a] jury are not merely advisory and generally will not be ‘set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous.’ ” Maddox, 738 So.2d at 743 (¶ 5) (quoting Rodgers v. Pascagoula Pub. Sch. Dist., 611 So.2d 942, 945 (Miss. 1992)). The question of the adequacy of damages is one of the most perplexing questions with which reviewing courts struggle. Schoppe v. Applied Chems. Div., Mobley Co., 418 So.2d 833, 836 (Miss.1982) (citing Dickey v. Parham, 295 So.2d 284, 285 (Miss.1974)). Additurs shall never be employed without great caution. Gibbs v. Banks, 527 So.2d 658, 659 (Miss.1988).
¶ 40. The circuit judge, quoting Clark v. Viniard, 548 So.2d 987, 991-92 (Miss. 1989), found “[i]n the absence of a specific finding by the circuit judge that the jury was influenced by bias, prejudice or passion, it is error to order a new trial on damages or an additur or remittitur.” The *932 circuit court did not find any bias, prejudice or passion. On the contrary, it found “the jury fulfilled its oath in this matter and returned a verdict in no way shocking to the judicial conscience. The amount of damages awarded to [Buckley] was not inadequate, nor contrary to the overwhelming weight of credible evidence.”
¶ 41. Since liability was admitted, the only question for the jury was whether Buckley’s medical bills and anticipated loss of future income were the result of the accident. Also, since the jury was not asked the basis of its award, it would be difficult or impossible for this Court to determine that issue.
¶ 42. We find no error in the circuit court’s denial of an additur. Accordingly, there is no merit to this assignment of error.
¶ 43. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.