# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00903-COA

MARK WETZEL                                                                    APPELLANT

v.

RICHARD H. SEARS                                                                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | JAMES KENNETH WETZEL GARNER JAMES WETZEL |
| ATTORNEYS FOR APPELLEE: | DONALD C. DORNAN JR. LAUREN RUTH HILLERY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | JUDGMENT IN FAVOR OF PLAINTIFF IN THE AMOUNT OF $31,180.45 |
| DISPOSITION: | AFFIRMED: 05/10/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    Mark Wetzel brought a personal-injury lawsuit against Richard Sears for damages he sustained in an automobile accident that occurred in Biloxi, Mississippi. The complaint was filed in the County Court of Harrison County. After a jury verdict in Wetzel's favor, Wetzel filed a motion for a judgment notwithstanding the verdict or, alternatively, for an additur or a new trial. The motion was denied. Wetzel appealed the case to the Circuit Court of Harrison County, where the appeal was affirmed. Wetzel's appeal has now been deflected to this Court.

**FACTS**

¶2.    On March 21, 2012, Mark Wetzel was rear-ended.  When the accident occurred, he was driving to his workplace, O'Reilly Auto Parts in Biloxi, Mississippi.  As he prepared to turn into O'Reilly's parking lot, he attempted to merge into the middle turn lane.  The turn lane was occupied, so he stopped in the travel lane to wait for the turn lane to clear.  As Wetzel was stopped, he was struck from behind by a taxi driven by Richard Sears.

¶3.    After the accident, Wetzel was transported by an ambulance to Biloxi Regional Medical Center.  He complained of pain in his neck, back, and left side.  He was treated for pain in his back and neck until January 24, 2013.

¶4.    Wetzel's complaint asked for damages of $34,195.68; this included damages for his medical expenses, lost wages, a towing bill, and mileage expenses.  After a jury trial, a verdict for Wetzel awarded him $31,180.45.  His post-trial motions were denied.

**ANALYSIS**

### I.    Post-Trial Motions

¶5.    Wetzel argues that his motion for a judgment notwithstanding the verdict or, alternatively, for an additur or a new trial should have been granted.

### A.    Motion for Additur

¶6.     Mississippi Code Annotated section 11-1-55 (Rev. 2014), which provides for an additur, states:

> The supreme court or any other court of record in a case in which money damages were awarded may overrule a motion for new trial or affirm on direct or cross appeal, upon condition of an additur or remittitur, if the court finds that the damages are excessive or inadequate for the reason that the jury or

trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence. If such additur or remittitur be not accepted then the court may direct a new trial on damages only. If the additur or remittitur is accepted and the other party perfects a direct appeal, then the party accepting the additur or remittitur shall have the right to cross appeal for the purpose of reversing the action of the court in regard to the additur or remittitur.

"In reviewing a trial court's grant or denial of an additur, this Court's standard of review is limited to an abuse of discretion." *Maddox v. Muirhead*, 738 So. 2d 742, 743 (¶5) (Miss. 1999). "Generally the jury's decision will be upheld unless it was so unreasonable as to be outrageous." *Clark v. Deakle*, 800 So. 2d 1227, 1230 (¶11) (Miss. Ct. App. 2001). Furthermore, "[t]he party seeking the additur bears the burden of proving his injuries, loss of income, and other damages." *Maddox*, 738 So. 2d at 743 (¶5). "We view the evidence in the light most favorable to the defendant, giving him all favorable inferences that may be reasonably drawn therefrom." *Id.* at (¶7). "Awards set by jury are not merely advisory and generally will not be set aside unless so unreasonable as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Id.* at (¶5).

¶7.    Since the trial court instructed the jury that Sears was negligent, the remaining questions for the jury were damages and the extent, if any, of Wetzel's negligence. The jury awarded Wetzel $31,180.45. Wetzel argues that his damages should amount to $34,195.68, which includes his medical bills, lost wages, mileage expenses, and a towing bill. Wetzel argues that the jury's verdict did not include damages for pain and suffering, mental anguish, or loss of enjoyment of life.

¶8.     In calculating Wetzel's damages, the jury was instructed to consider Wetzel's

3

potential acts of negligence. Also, during trial, the defense challenged whether Wetzel's claimed lost wages were accurate, as he received a salary from O'Reilly Auto Parts. Sears also presented a medical expert who testified that Wetzel's back pain was caused by a prior injury and subsequent degeneration rather than the car accident.

¶9.    The record does not indicate that the damages were inadequate or that the jury was influenced by bias, prejudice, or passion in awarding $31,180.45. The jury awarded Wetzel approximately $3,000 less than he requested. The jury also heard testimony that called into question some of Wetzel's claimed damages. The jury was also instructed to consider Wetzel's negligence in its determination of damages. As a result, we do not find that the jury was improperly influenced or that the verdict was against the overwhelming weight of the evidence. Accordingly, this issue is without merit.

### B.    Motion for a Judgment Notwithstanding the Verdict and Motion for a New Trial

¶10.    In reviewing a denial of a judgment notwithstanding a verdict, this Court will

> consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inference[s] that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.

*3M Co. v. Johnson*, 895 So. 2d 151, 160 (¶30) (Miss. 2005). "A motion for JNOV tests the legal sufficiency of the evidence supporting the verdict, not the weight of the evidence." *Id.* at (¶31). As to a denial of a post-trial motion for a new trial, this Court's standard of review

4

is abuse of discretion. *Pierce v. Cook*, 992 So. 2d 612, 620 (¶30) (Miss. 2008).

¶11.    Wetzel's motions for a JNOV and a new trial again claimed error with the amount of damages awarded by the jury. Wetzel considered the amount awarded, $31,180.45, to be inadequate. He contends that the defense did not present any evidence to rebut his proven economic damages of $34,195.68. However, as noted above, Sears did challenge Wetzel regarding some of the claimed damages. Sears also presented evidence through his own expert that Wetzel's current maladies were the result of an injury prior to the car accident. Furthermore, Wetzel's argument disregards the jury's consideration of his negligence. This issue has no merit.

### II.    Jury Instructions

¶12.    In reviewing jury instructions, "if the instructions actually given fairly announce the law of the case and create no injustice when read as a whole, no reversible error will be found." *Reese v. Summers*, 792 So. 2d 992, 994 (¶4) (Miss. 2001). Wetzel claims that the trial court erred in giving a comparative-negligence instruction. He also contends that the trial court did not properly define for the jury what acts would constitute negligence. Lastly, he argues that the trial court erred when it did not instruct the jury to determine percentages of fault.

¶13.    Wetzel's main contention is that the comparative-negligence instruction was improper because no evidence was presented at trial as proof of negligence on behalf of Wetzel. However, there was evidence presented at trial through the testimony of Sears that Wetzel stopped unexpectedly and abruptly while in a moving traffic lane. Therefore, the instruction

was not improperly given.

¶14.    Furthermore, the trial court did instruct the jury as to which of Wetzel's acts would constitute negligence, saying:

> . . . [I]f you find from a preponderance of the evidence in this case that:
>
> (1)    The Plaintiff was not driving at a reasonable and prudent rate of speed in view of existing conditions, but instead brought his vehicle to a stop in the traveled lane of Cedar Lake Road; and
>
> (2)    That action, if any, was a proximate contributing cause of Plaintiff's injuries;
>
> then the rule of comparative negligence will apply as explained to you in other instructions.

Also, the trial court instructed the jury to determine a percentage of negligence attributable to Wetzel and reduce the damages by that proportion if the jury found both parties negligent.

¶15.    Even if the instruction did not define the acts which constitute negligence, it is harmless error "if another instruction correctly defines negligence." *Trainer v. Gibson*, 360 So. 2d 1226, 1228 (Miss. 1978). The trial court did give an instruction on negligence. So even if, as Wetzel claims, the trial court erred in not defining the acts that constituted his negligence, this error would be harmless. Wetzel's contentions as to the jury instructions have no merit.

¶16.    **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**